**Richard Lee OWEN, II,
Plaintiff-Appellant,**

**v.**

**James KIMMEL, Defendant-Appellee.**

**No. 80–1706.**

United States Court of Appeals,
Seventh Circuit.

Submitted Nov. 3, 1982.*

Decided Nov. 26, 1982.

---

* After preliminary examination of the briefs, the court notified the parties that it had tentatively decided that oral argument was unnecessary. The notice provided that any party could file a "Statement as to Need of Oral Argument." *See* Fed.R.App.P. 34(a); Circuit Rule 14(f).

The appellant filed a statement as to need for oral argument. Having considered his statement as well as the briefs and the record, the appeal is submitted for decision without oral argument.

Richard Lee Owen, II, Michigan City, Ind., for plaintiff-appellant.

Kermit R. Hilles, Deputy Atty. Gen., Indianapolis, Ind., for defendant-appellee.

Before CUMMINGS, Chief Judge, BAUER and POSNER, Circuit Judges.

CUMMINGS, Chief Judge.

I. *Factual Background*

The plaintiff, Richard Lee Owen, an inmate at the Indiana State Prison, Michigan City, Indiana, filed a Section 1983 action alleging that a prison official unlawfully confiscated a piece of his furniture during a prison shakedown. According to prison procedures, an inmate is permitted to have a specific number of pieces of furniture in his cell at any time. At the time of the shakedown, however, the defendant found an excess amount of furniture in the plaintiff's cell. Although the plaintiff maintained he had permission from prison officials to possess one additional piece of furniture, the defendant confiscated a typewriter table and destroyed it. Following the shakedown, the prison custody supervisor authorized the plaintiff to obtain a replacement typewriter table. The plaintiff subsequently obtained a table comparable to the one destroyed. The replacement is currently in his cell.

Notwithstanding the acquisition of a replacement table, the plaintiff filed a Section 1983 claim in federal district court for declaratory relief and $10,000 in punitive damages, $1.00 in nominal damages and $1,000 in actual damages. The defendant, Sergeant James Kimmel, the corrections officer who seized the original table, filed alternative motions to dismiss or for summary judgment alleging that the plaintiff failed to exhaust the available prison grievance procedure explicitly designed for inmates who allege loss of personal property. The district court, relying upon our decision in *Secret v. Brierton,* 584 F.2d 823 (7th Cir.1978), granted the defendant's motion for summary judgment and dismissed the plaintiff's Section 1983 claim. Because the Supreme Court in *Patsy v. Board of Regents,* —— U.S. ——, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982) has again examined the exhaustion rule as originally espoused in *Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), and subsequently redefined in *McNeese v. Board of Education,* 373 U.S. 668, 83 S.Ct. 1433, 10 L.Ed.2d 622 (1963), we conclude that the present case must be reversed and remanded for determination of whether it fits within the 42 U.S.C. § 1997e exception to the general no-exhaustion rule established by *Patsy.* Paragraphs (a)(1) and (2) of that Section require exhaustion of plain, speedy and effective administrative remedies but only if the Attorney General has verified or the court has determined that the administrative remedies comply with the standards promulgated under Section 1997e(b). See note 1 *infra* for the text of Section 1997e(b).

II. *Discussion*

In *Secret v. Brierton,* 584 F.2d 823 (7th Cir.1978), this Court held that a state prisoner must exhaust available internal prison grievance procedures before filing a Section

1983 claim in federal court. The district court, relying exclusively upon our decision in *Secret*, similarly held that a plaintiff must exhaust state administrative remedies before resorting to federal Section 1983 litigation. Since our decision in *Secret* and the district court order, however, the Supreme Court in *Patsy v. Board of Regents,* —— U.S. ——, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982), articulated a general no-exhaustion rule in Section 1983 actions. Accordingly, we must re-evaluate our analysis in *Secret,* in which a flexible exhaustion rule was appropriate, and resolve the present case in accordance with the Court's analysis in *Patsy*.

In *Secret,* the plaintiff prisoner alleged that his stereo-recording equipment was unlawfully confiscated from him without due process of law. *Secret v. Brierton, supra,* 584 F.2d at 824–825. Prison officials had confiscated the equipment to comply with a prison rule against recording devices in inmates' cells. Following modification of the equipment so that it could play but not record, the equipment was returned to the prisoner. Although there was an expeditious prison grievance procedure available for prisoner deprivations of personal property, the plaintiff in *Secret* elected immediately to file a Section 1983 claim in federal court.

The district court in *Secret* entered summary judgment for the prison officials and this Court affirmed, reasoning that when the prison has established administrative grievance procedures, a prisoner must exhaust those remedies before filing a civil rights suit in federal court. We also held that the exhaustion of available prison grievance procedures "would not deprive a prisoner of an opportunity to air his complaint before a federal court if he were dissatisfied with the results of the internal prison procedures." 584 F.2d at 828.

To justify our exhaustion requirement in *Secret,* we carefully examined and extrapolated a non-rigid approach to the exhaustion requirement. 584 F.2d at 828. Although we find it unnecessary to repeat our detailed discussion of the decisions as set forth in *Secret,* we are confident that prior to *Patsy* it remained an open question whether a non-exhaustion rule in Section 1983 cases was "invariably the case." *Id.* (quoting *Gibson v. Berryhill,* 411 U.S. 564, 574–575, 93 S.Ct. 1689, 1695–1696, 36 L.Ed.2d 488 (1973)).

In *Patsy,* the petitioner-employee filed a Section 1983 claim alleging that her employer, Florida International University, denied her promotion opportunities solely on the basis of her race and sex. Prior to filing, petitioner did not exhaust state administrative remedies to attack the alleged deprivation.

A divided Court of Appeals sitting en banc held that Section 1983 claimants are required to exhaust adequate and appropriate administrative remedies before seeking federal court relief. *Patsy v. Florida International University,* 634 F.2d 900 (5th Cir. 1981) (en banc). The court reasoned that prior Supreme Court decisions do not preclude application of a "flexible" exhaustion rule. *Id.* at 908. The Supreme Court reversed the Court of Appeals and held that exhaustion of state administrative remedies is not a prerequisite to filing a Section 1983 action. In so holding, the Court highlighted a narrow state and local prisoner exception to the general no exhaustion rule, the exception being contained in 42 U.S.C. § 1997e, which was Section 7 of the Civil Rights of Institutionalized Persons Act of 1980 (94 Stat. 352–353). —— U.S. at ——, 102 S.Ct. at 2564.

Section 1997e applies to Section 1983 claims brought by adult state and local prisoners. In jurisdictions that have internal prison grievance procedures, Section 1997e establishes two procedural requirements that bear upon the necessity to exhaust. First, it sets forth a method to ensure that state administrative remedies are adequate and effective. This method directs the Attorney General to "promulgate minimum standards for the development and implementation of a plain, speedy and effective system" of state prison administrative remedies. 42 U.S.C. § 1997e(b)(1). According to the *Patsy* Court, "A court may require exhaustion of administrative remedies only if 'the Attorney General has certified or the court has determined that such administrative remedies are in substantial compliance

with the minimum acceptable standards promulgated under subsection (b).' § 1997e(a)(2)." [1] —— U.S. at ——, 102 S.Ct. at 2565. Second, Section 1997e(a)(1) states that in Section 1983 actions that fall within the limited Section 1997e exception to the no-exhaustion rule, a district court must continue the "case for a period not to exceed ninety days in order to require exhaustion", but only "if the court believes that such a requirement would be appropriate and in the interests of justice * * *." Id. In the present case, the district court failed to address these procedural requirements.

Although there are factual similarities in the case before this Court and Secret v. Brierton, 584 F.2d 823 (7th Cir.1978), which was decided sixteen months before the enactment of Section 1997e, the Supreme Court's recent decision and the enactment of Section 1997e in Patsy compel us to re-evaluate Secret. In 1978, when we decided Secret, our interpretation of Supreme Court opinions revealed that a non-rigid approach to the exhaustion requirement could be applied in Section 1983 actions. Consequently, mere reliance on decisional law, Section 1983 and public policy was sufficient to justify an exhaustion requirement at that time. In Patsy, however, the Court sets forth a general no-exhaustion rule with a narrow Section 1997e exception applicable only to adult state and local prisoners bringing actions pursuant to Section 1983.

The district court here in Owen relied exclusively on our decision in Secret to justify its dismissal of plaintiff's case for failure to exhaust the available internal prison grievance procedure. In view of Patsy, and the 1980 statute, however, Secret is not controlling. Both Secret and the present case arguably fit within the Section 1997e exception requiring exhaustion and thus are unaffected by Patsy's reevaluation of the exhaustion requirement. In the instant case, the plaintiff alleged a deprivation of his personal property without due process of law. Like the prisoner in Secret, plaintiff received replacement property comparable to that which was confiscated. Although there was available a prison grievance procedure to challenge the deprivation, the plaintiffs in both cases resorted immediately to federal court litigation.

In the present case however, the district court never addressed the questions of whether the Indiana State Prison grievance procedure is in "substantial compliance with the minimum standards promulgated under subsection (b)" (§ 1997e(b)) and whether exhaustion would be "appropriate and in the interests of justice" (§ 1997e(a)), and, consequently, whether the Section 1997e exception requiring exhaustion applies to

1. Section 1997e(b) of 42 U.S.C. provides:

(b)(1) No later than one hundred eighty days after May 23, 1980, the Attorney General shall, after consultation with persons, State and local agencies, and organizations with background and expertise in the area of corrections, promulgate minimum standards for the development and implementation of a plain, speedy, and effective system for the resolution of grievances of adults confined in any jail, prison, or other correctional facility. The Attorney General shall submit such proposed standards for publication in the Federal Register in accordance with section 553 of Title 5. Such standards shall take effect thirty legislative days after publication unless, within such period, either House of Congress adopts a resolution of disapproval of such standards.

(2) The minimum standards shall provide—

(A) for an advisory role for employees and inmates of any jail, prison, or other correctional institution (at the most decentralized level as is reasonably possible), in the formulation, implementation, and operation of the system;

(B) specific maximum time limits for written replies to grievances with reasons thereto at each decision level within the system;

(C) for priority processing of grievances which are of an emergency nature, including matters in which delay would subject the grievant to substantial risk of personal injury or other damages;

(D) for safeguards to avoid reprisals against any grievant or participant in the resolution of a grievance; and

(E) for independent review of the disposition of grievances, including alleged reprisals, by a person or other entity not under the direct supervision or direct control of the institution.

plaintiff. Since the Attorney General did not certify that the prison's administrative remedies are in substantive compliance with the statutory standards (§ 1997e(a)(2)), the district court is the only appropriate forum to make these determinations. Therefore a remand to that court is necessary.

In arriving at this determination, the district court must decide whether the Indiana prison grievance procedure falls within the narrowly defined contours of Section 1997e(b)(2). The district court is not controlled by *Secret* because that decision antedated the enactment of Section 1997e. Consequently, although our analysis in *Secret* may be persuasive in determining whether the state administrative remedy is adequate and effective, the appropriate analysis for Section 1983 prisoner cases is set forth in *Patsy* and the 1980 statute.

Accordingly, we reverse and remand the case to the district court to determine if the Indiana State Prison grievance procedures meet the minimum standards promulgated under Section 1997e(b)(2) and if so whether exhaustion would be "appropriate and in the interests of justice" under Section 1997e(a)(1).

Reversed and remanded for further proceedings consistent herewith.