**Lonnie WICKLIFFE a/k/a Mutee El-Amin, Petitioner,**

v.

**Jack R. DUCKWORTH, Respondent.**

No. S 83–207.

United States District Court,
N.D. Indiana,
South Bend Division.

Nov. 16, 1983.

Lonnie Wickliffe, pro se.

Sabra Weliever, Deputy Atty. Gen., Indianapolis, Ind., for respondent.

**1.** Respondent contends that the petitioner raises five issues in his habeas petition, the fifth being that of ineffectiveness of appellate counsel. Respondent argues that, because petitioner has failed to exhaust his available state court remedies on the question of effective trial and appellate counsel, this "mixed petition" must be dismissed. *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).

Petitioner vehemently denies that effectiveness of counsel, trial or appellate, is an issue. Instead, he contends that the effectiveness question is inextricably bound up with the question of the trial court's voir dire. Still, petitioner

MEMORANDUM AND ORDER

SHARP, Chief Judge.

This case is presently before the court on a petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. In accord with the dictates of *Townsend v. Sain,* 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), the complete state court record has been filed with, and carefully examined by, this court. Both sides having briefed their respective positions, this matter is now ripe for ruling.

The petitioner, an inmate at the Indiana State Prison in Michigan City, Indiana, was convicted of first degree murder in an Indiana state court jury trial and received a sentence of life imprisonment. On direct appeal to the Supreme Court of Indiana, petitioner's conviction was unanimously affirmed. *Wickliffe v. State,* Ind., 424 N.E.2d 1007 (1981). Petitioner now seeks federal habeas review of his conviction.

In his application for a writ of habeas corpus, petitioner raises the following four issues: (1) improper admission of hearsay evidence at his trial; (2) insufficiency of the evidence at his trial; (3) ineffective assistance of trial counsel as a result of unduly restrictive voir dire by the trial court; and, (4) totality of the circumstances.[1] It appears that the petitioner has exhausted his available state court remedies as to these issues.[2] 28 U.S.C. § 2254(b), (c); *Anderson v. Harless,* — U.S. —, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982); *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Duckworth v. Serrano,* 454 U.S. 1, 102 S.Ct. 18, 70 L.Ed.2d 1 (1981). However, and before proceeding to an examina-

declares that if this court deems the issue of improper voir dire to have been improperly stated such that alleged ineffectiveness of counsel appears to be an issue, petitioner asks that the question of attorney effectuality be dropped as an "issue," to avoid dismissal of the petition. Accordingly, and for the purposes of this application for federal habeas relief, this court will only consider the "attorney effectiveness" issue as one involving a question of allegedly improper voir dire.

**2.** *See* fn. 1, *supra.*

tion of each of the above issues, two matters must first be addressed: petitioner's motion for appointment of counsel, and his request for an evidentiary hearing.[3]

■■ There is no constitutional right to appointed counsel in a civil case. *Thomas v. Pate*, 493 F.2d 151 (7th Cir.), *cert. denied*, 419 U.S. 879, 95 S.Ct. 143, 42 L.Ed.2d 119 (1974). Rather, the decision whether to appoint counsel in a case rests within the sound discretion of the court. *McBride v. Soos*, 594 F.2d 610 (7th Cir.1979). When considering motions for appointed counsel, this court is guided by the standards set forth in *Maclin v. Freake*, 650 F.2d 885 (7th Cir.1981). These standards include, but are not necessarily limited to, such considerations as the legal and factual merits of the claim presented, the degree of complexity of the issues involved, and the movant's apparent physical and intellectual abilities to prosecute the action. See also, *Merritt v. Faulkner*, 697 F.2d 761 (7th Cir.1983); *McKeever v. Israel*, 689 F.2d 1315 (7th Cir.1982). This court is also mindful of a point not often made in these matters, and that is that the operative word in 28 U.S.C. § 1915(d) is "request", not "appoint", i.e., "[t]he Court may request an attorney to represent any such person unable to employ counsel." See David Ashley Bagwell, "Procedural Aspects of Prisoner § 1983 Cases in the Fifth and Eleventh Circuits," 95 F.R.D. 435, 443 (1982).

■ Reviewing the petition in light of the above, this court concludes that petitioner is not entitled to appointed counsel. The issues raised herein have already been addressed by the Supreme Court of Indiana, and can be carefully examined by this court as well by virtue of the state court record now before it. As for the merits of petitioner's claims, each issue raised has been the subject of numerous Supreme Court and Seventh Circuit decisions. Thus, whatever the factual aspects of petitioner's claims, the legal aspects thereof can be subjected to carefully delineated guidelines, e.g., the appropriate standard for determining a counsel's effectiveness at trial, or the litmus test for ascertaining whether the evidence adduced at trial was sufficient to sustain a conviction under 28 U.S.C. § 2254.

Finally, and perhaps most critically, this court notes that, irrespective of any physical or mental impairments the petitioner may suffer from,[4] he is being very ably represented by Joseph M. Kalady, a fellow inmate and lay advocate. Unlike most prison legal assistants, Mr. Kalady has considerable experience in prosecuting inmate petitions, both under 42 U.S.C. § 1983 and 28 U.S.C. § 2254, in federal court. He has appeared before this court on behalf of fellow inmates on numerous occasions. It is this court's understanding that Mr. Kalady holds a Master's degree in philosophy from DePaul University, and worked for two Chicago Loop law firms prior to his incarceration. Mr. Kalady has been representing the petitioner from the inception of this case.

Accordingly, based on the above considerations and acting within its discretion, this court now DENIES petitioner's request for appointed counsel. *Wilson v. Duckworth*, 716 F.2d 415 (7th Cir.1983) (upholding, *inter alia*, district court's denial of appointed counsel in § 2254 petition); *Childs v. Duckworth*, 705 F.2d 915 (7th Cir.1983) (same in § 1983 action).[5]

Petitioner also asks this court to hold an evidentiary hearing "on the merits of this petition." The criteria against which such

---

3. It would probably be more correct to say that petitioner seeks appointed counsel largely, if not solely, for the limited purpose of representing him at an evidentiary hearing, if such should be granted by this court. Thus, the motions for appointed counsel and an evidentiary hearing are intertwined. However, and preferring to err on the side of caution, this court will treat the two motions separately.

4. There is nothing in the state court record and the pleadings compiled to date to indicate any physical or mental impairment on the part of petitioner.

5. See also, *Brown-Bey v. United States*, 720 F.2d 467, 470–471 (7th Cir.1983).

requests must be measured are set forth at 28 U.S.C. § 2254(d)[6]. Essentially, that statute declares that evidentiary hearings in federal habeas proceedings are necessary *only* when the petitioner establishes, or the respondent admits, or it "otherwise appear[s]", that the State court's determinations of factual questions evidenced by written findings lack sufficient indicia of reliability. As this court said in *Rodriguez v. Broglin*, 563 F.Supp. 661 (N.D.Ind.1983):

> It is true that mixed determinations of law and fact are not entitled to a presumption of correctness under 28 U.S.C. § 2254(d). *Cuyler v. Sullivan*, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980). However, where the petitioner received a full and fair hearing on the factual issue(s) as represented by written opinion, an evidentiary hearing is unnecessary. *Sumner v. Mata*, 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981); *United States ex rel. Ross v. Franzen*, 668 F.2d 933 (7th Cir.1982). Thus, absent a showing that the state proceedings were less than full and fair, a federal habeas court is required to accept factual determinations of the state court(s) if those findings are supported by the record. *Holleman v. Duckworth*, 700 F.2d 391 (7th Cir.1983).

*Rodriguez, supra*, 563 F.Supp. at 664.

■ Applying the above standards to the claims set forth in this petition, it is apparent that an evidentiary hearing is unnecessary here. As noted above, the issues presented can be squarely addressed from the state court record. Further, the Supreme Court of Indiana has already addressed all but the "totality of circumstances" issue raised here. Finally, this court notes that none of the eight listed exceptions to § 2254(d) are present in this action. Accordingly, petitioner's request for an evidentiary hearing is hereby DENIED.

## I.

Petitioner contends that his right to confront witnesses was violated by the admission of allegedly hearsay testimony against him. In particular he complains of the

---

**6.** 28 U.S.C. § 2254(d) reads, in its entirety:

(d) In any proceeding instituted in a Federal court by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination after a hearing on the merits of a factual issue, made by a State court of competent jurisdiction in a proceeding to which the applicant for the writ and the State or an officer or agent thereof were parties, evidence by a written finding, written opinion, or other reliable and adequate written indicia, shall be presumed to be correct, unless the applicant shall establish or it shall otherwise appear, or the respondent shall admit—

(1) that the merits of the factual dispute were not resolved in the State court hearing;

(2) that the factfinding procedure employed by the State court was not adequate to afford a full and fair hearing;

(3) that the material facts were not adequately developed at the State court hearing;

(4) that the State court lacked jurisdiction of the subject matter or over the person of the applicant in the State court proceeding;

(5) that the applicant was an indigent and the State court, in deprivation of his constitutional right, failed to appoint counsel to represent him in the State court proceeding;

(6) that the applicant did not receive a full, fair, and adequate hearing in the State court proceeding; or

(7) that the applicant was otherwise denied due process of law in the State court proceeding;

(8) or unless that part of the record of the State court proceeding in which the determination of such factual issue was made, pertinent to a determination of the sufficiency of the evidence to support such factual determination, is produced as provided for hereinafter, and the Federal court on a consideration of such part of the record as a whole concludes that such factual determination is not fairly supported by the record:

And in an evidentiary hearing in the proceeding in the Federal court, when due proof of such factual determination has been made, unless the existence of one or more of the circumstances respectively set forth in paragraphs numbered (1) to (7), inclusive, is shown by the applicant, otherwise appears, or is admitted by the respondent, or unless the court concludes pursuant to the provisions of paragraph numbered (8) that the record in the State court proceeding, considered as a whole, does not fairly support such factual determination, the burden shall rest upon the applicant to establish by convincing evidence that the factual determination by the State court was erroneous.

testimony of Richard Carter that Edmund Powell stated, in petitioner's presence, he loved petitioner because he was "cold-hearted" (R. 254) and petitioner made him "kill that nigger" (R. 254), he "dug the shit" out of the way petitioner "stabbed that nigger" (R. 254), he and petitioner went over to a house by Ayr-Way, pulled somebody's door off, went in the house and Joe (the victim) was running and they caught him and started beating him, sawing on him, and cutting him, (R. 255, 256), he (Powell) pulled back on Joe's hair and shot him in the head (R. 256) while petitioner was cutting, stabbing and beating the victim. (R. 257). Petitioner also complains of the testimony of Charles Armstrong that Powell said petitioner made him "kill a mother fucker" (R. 316, 317), they tore a door off the hinges and went inside the house and "beat up a guy," (R. 319), he "dug the shit" out of the way petitioner hit the guy with a bottle and stabbed him (R. 320, 324, 327), and they pulled back his head, put the gun up to it and "his head exploded" (R. 331). Ronald Sides also testified that Powell said he "dug" the way he had "killed that nigger" and he "dug" the way petitioner beat and stabbed Joe. (R. 361, 363). Petitioner contends that this evidence was hearsay and he was denied his right to confront and cross-examine Edmund Powell.

Richard Carter testified that Powell was talking to petitioner at the time Powell made the statements about which Carter testified. They clapped hands (R. 258) and petitioner did not deny any of Powell's statements; rather, he nodded his head and grinned. (R. 254). Armstrong testified that in the course of the conversation he related, Powell and petitioner "gave each other five" and petitioner was laughing. (R. 324). Sides testified that Powell and petitioner "gave each other five," they were both laughing, and every time Powell would say something petitioner would shake his head in assent. (R. 36).

█ The record is clear that petitioner adopted the admissions made by Edmund Powell regarding the murder of Joseph Copper. He was present at the time the statements were made, he heard the statements and he neither denied, contradicted nor objected to them. Furthermore, he demonstrated his agreement by laughing, slapping hands with Powell and nodding. Under these circumstances, the testimony of Carter, Armstrong and Sides regarding Powell's statements was admissible.

█ For example, Rule 801(d)(2)(B), Federal Rules of Evidence, provides that "A statement is not hearsay if ... [t]he statement is offered against a party and is ... a statement of which he has manifested his adoption or belief in its truth ..." It has long been the rule that if one codefendant makes a voluntary confession in the presence of the other, under such circumstances that he naturally would have contradicted it if he did not assent, the confession is admissible against both. *Sparf v. United States*, 156 U.S. 51, 15 S.Ct. 273, 39 L.Ed. 343 (1895). In *United States v. Fortes*, 619 F.2d 108 (1st Cir.1980), the Court summarized:

> The general rule has been stated as follows: " 'When a statement tending to incriminate one accused of committing a crime is made in his presence and hearing and such statement is not denied, contradicted, or objected to by him, both the statement and the fact of his failure to deny are admissible in a criminal prosecution against him, as evidence of his acquiescence in its truth' ... if made 'under such circumstances as would warrant the inference that he would naturally have contradicted them if he did not assent to their truth.' " *Arpan v. United States*, 260 F.2d 649, 655 (8th Cir. 1958) (citations omitted).

*Id.*, at 115.

See also, *United States v. Shulman*, 624 F.2d 384 (2d Cir.1980); *Edmundson v. Hess*, 482 F.Supp. 815 (E.D.Okl.1978).

Petitioner's actions made it clear that he assented to Powell's statements regarding petitioner's involvement in the murder and, as such, there was no constitutional error in their admission at his trial.

## II.

Petitioner contends that he was denied due process and equal protection in that he was convicted on the basis of circumstantial evidence without excluding every hypothesis of innocence. The standard for determining sufficiency of the evidence in a habeas corpus proceeding, whether circumstantial or not, is found in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). In *Jackson* the Supreme Court found the relevant question to be "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.*, at 319, 99 S.Ct. at 2789. The evidence adduced against petitioner Wickliffe meets that standard. Not only was there the adopted admissions cited in the previous section, but there was also testimony that petitioner stated to Carter the .22 pistol was the gun with which he had shot the victim (R. 262), that Powell had killed somebody known as Joe "the other night over by Ayr-Way," (R. 269), that they had beaten the victim until he crawled over and asked petitioner not to kill him, and Powell then pulled Joe's hair back and shot him. (R. 271). Armstrong testified that petitioner had said that Joe came up to him and begged him not to kill him. (R. 330, 331). Officer Renee testified that he was at the victim's home at 3:42 A.M. following a report of a prowler and that there was a portable T.V. and a telephone answering service in the bedroom. (R. 205, 207). Sides testified that Powell woke him up and told him he was going to get some money and go to a party and he was taking petitioner with him. (R. 356). He further testified that when he got up the next morning there was a T.V. and a telephone answering service that had not been there the night before. (R. 357).

Under the *Jackson* standard, it is clear that the evidence was sufficient to find petitioner guilty of murder.

## III.

Petitioner also contends he was denied the effective assistance of counsel at trial in that counsel was restricted to twenty minutes for *voir dire*. Petitioner claims that this was not sufficient time to determine the value and prejudices of prospective jurors and it hampered counsel in making peremptory challenges.

The local rule of which petitioner complains is found at page 145 of the record. It provides that the court will conduct the initial *voir dire* of prospective jurors. Then each side is given twenty minutes to conduct their own *voir dire*. Thereafter the court will ask questions of its own or written questions submitted by the parties. Petitioner does not challenge the questions that were asked by the court nor does he allege that he requested the court to ask any question that was refused. He offers no allegation or evidence that the jury which was impaneled was not fair or impartial. The actual *voir dire* itself is not part of the record. Thus, petitioner asks this court to find that under no circumstances was it possible for counsel to *voir dire* the jury in twenty minutes regardless of the questions asked by the court.

There is no constitutional requirement that counsel be allowed to conduct *any* part of the *voir dire*, i.e., the conduct of *voir dire* is left to the sound discretion of the trial court. *Roberts v. State*, 268 Ind. 127, 373 N.E.2d 1103 (1978); *Jacobs v. Redman*, 616 F.2d 1251 (3d Cir.), *cert. denied*, 446 U.S. 944, 100 S.Ct. 2170, 64 L.Ed.2d 799 (1980); *Allen v. Snow*, 489 F.Supp. 668 (D.Mass.), *aff'd* 635 F.2d 12 (1st Cir.1980), *cert. denied*, 451 U.S. 910, 101 S.Ct. 1981, 68 L.Ed.2d 299 (1981). F.R. Civ.P. 47(a) provides that the court may permit the parties to examine the prospective jurors or the court may conduct the examination itself.[7] Court conducted *voir*

---

7. More to the point, see F.R.Crim.P. 24(a):

   (a) Examination. The court may permit the defendant or his attorney and the attorney for the government to conduct the examination of prospective jurors or may itself conduct the examination. In the latter event the court shall permit the defendant or his attorney and the attorney for the government to supple-

*dire* has been approved by the courts. See *U.S. v. Conroy,* 589 F.2d 1258 (5th Cir.), *cert. denied,* 444 U.S. 831, 100 S.Ct. 60, 62 L.Ed.2d 40 (1979); *U.S. v. Grismore,* 546 F.2d 844 (10th Cir.1976). Further, the very case which petitioner cites as support for his contention is one in which the court itself conducted the *voir dire. U.S. v. Dellinger,* 472 F.2d 340 (7th Cir.1972), *cert. denied,* 410 U.S. 970, 93 S.Ct. 1443, 35 L.Ed.2d 706 (1973). The Seventh Circuit found no error in the fact that the court conducted the examination, but rather their concern was for the sufficiency of the questions which the Court asked.

There is no statutory or case law authority, nor support in the record for petitioner's claim that the trial court's *voir dire* procedure denied him effective assistance of counsel.

### IV.

■■■■ Finally, petitioner contends that the totality of the circumstances of his trial denied him fundamental fairness, citing nine allegations of error. Petitioner did not include these errors in his Belated Motion to Correct Errors. (R. 1). Furthermore, he did not cite any authority for his "totality of circumstances" claim in his brief to the Supreme Court of Indiana. (Brief of Appellant, pp. 29–31). The Supreme Court of Indiana found this issue and its sub-issues to have been waived by petitioner's failure to comply with state rules. *Wickliffe v. Indiana,* Ind., 424 N.E.2d at 1010 (1981). In order for this waived issue to be considered in a federal habeas corpus proceeding, petitioner must show both cause for his noncompliance and actual prejudice resulting therefrom. *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct.

2497, 53 L.Ed.2d 594 (1977); *Engle v. Isaac,* 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982). Notwithstanding his statements to the contrary, petitioner has not met the requisite "cause + prejudice" criteria. Accordingly, this ground cannot be considered by the court.[8]

For all of the foregoing reasons, petitioner's application for federal habeas relief must fail. The writ is DENIED, petition DISMISSED. SO ORDERED.

---

ment the examination by such further inquiry as it deems proper or shall itself submit to the prospective jurors such additional questions by the parties or their attorneys as it deems proper.

**8.** Although neither side has addressed the issue, it is questionable whether this failure to show "cause + prejudice" constitutes grounds for dismissal of the petition for failure to exhaust. It is unclear whether Indiana's Post-Conviction

Remedies Statute, Ind.P.C.R. 1 § 1, would afford petitioner an avenue for collaterally attacking his conviction on a "totality of circumstances" theory. However, this court has already held that Ind.P.C.R. 1, § 1, does provide an otherwise meaningful and "available" state court remedy within the meaning of 28 U.S.C. § 2254(b) and *Perry v. Fairman,* 702 F.2d 119 (7th Cir.1983). *Marchand v. Tyson,* 560 F.Supp. 882 (N.D.Ind.1983).