Brian DAVIDSON, Petitioner,

v.

Jack R. DUCKWORTH, Superintendent, and Indiana Attorney General, Respondents.

No. S 83–538.

United States District Court, N.D. Indiana, South Bend Division.

Sept. 17, 1984.

Brian Davidson, pro se.

William Patrick Glynn III, Deputy Atty. Gen., Indianapolis, Ind., for defendants.

## MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

This petition for writ of habeas corpus was filed pursuant to 28 U.S.C. § 2254 by Brian Davidson, an inmate incarcerated at the Indiana State Prison in Michigan City, Indiana. The matter is now before this court on respondents' supplemental return to show cause. In accord with the dictates of *Townsend v. Sain*, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), the complete state court record has been filed with, and carefully examined by, this court.

A careful examination of the underlying state court record and the opinion of the Supreme Court of Indiana, Ind., 442 N.E.2d 1076 (1982), reveals that petitioner has exhausted his available state court remedies per 28 U.S.C. § 2254(b), (c); *Anderson v. Harless*, 459 U.S. 4, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982) Both sides having briefed their respective positions, this petition is now ripe for ruling.

Petitioner was convicted in a state court jury trial of murder, for which he received a determinate sentence of thirty (30) years. This conviction was unanimously affirmed on appeal by the Supreme Court of Indiana. Petitioner now brings this petition for a federal writ of habeas corpus.

Petitioner raises the following issues in this application for habeas relief:

(1) whether the trial court's refusal to allow cross-examination of the state's chief juvenile witness regarding his past delinquent activities constituted denial of petitioner's Fourteenth Amendment right to due process and equal protection of the laws;

(2) whether petitioner's Fifth Amendment right against self-incrimination was abridged by the prosecutor's questioning him regarding his pre- and post-arrest silence; and,

(3) whether petitioner was denied due process when the trial court gave its instruction number six.

Each will be addressed in its turn.

■ This court in its Memorandum and Order on April 5, 1984, was unable to determine whether the issues presented in the habeas petition were those originally presented to the Supreme Court of Indiana. Since the time of the Order, this court has received the complete state court record and has had the opportunity to review the same indepth. This court now finds that although the issues are worded slightly different in the habeas petition then in the direct appeal, the claims were presented to the state court. The petitioner did fairly present the claims to the state court. *Picard v. Connor*, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). Therefore, the petitioner has exhausted his state court remedies.

■ The petitioner also asks this court to hold an evidentiary hearing "on the cause and prejudice" issues presented by fulfilling the requirements of *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1976); *Engle v. Issac*, 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982). The criteria against which requests must be measured are set forth at 28 U.S.C. § 2254(d).[1] Essentially, the statute declares that evidentiary hearings in federal habeas proceedings are necessary *only* when the petitioner establishes or the respondent admits, or it "otherwise ap-

---

1. 28 U.S.C. § 2254(d) reads, in its entirety:

(d) In any proceeding instituted in a Federal court by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination after a hearing on the merits of a factual issue, made by a State court of competent jurisdiction in a proceeding to which the applicant for the writ and the State or an officer or agent thereof were parties, evidence by a written finding, written opinion, or other reliable and adequate written indicia, shall be presumed to be correct, unless the applicant shall establish or is shall otherwise appear, or the respondent shall admit—

(1) that the merits of the factual dispute were not resolved in the state court hearing;

(2) that the factfinding procedure employed by the State court was not adequate to afford a full and fair hearing;

(3) that the material facts were not adequately developed at the State court hearing;

(4) that the State court lacked jurisdiction of the subject matter or over the person of the applicant in the State court proceeding;

(5) that the applicant was an indigent and the State court, in deprivation of his constitutional right, failed to appoint counsel to represent him in the State court proceeding;

(6) that the applicant did not receive a full, fair, and adequate hearing in the State court proceeding; or

(7) that the applicant was otherwise denied due process of law in the State court proceeding;

(8) or unless that part of the record of the State court proceeding in which the determination of such factual issue was made, pertinent to a determination of the sufficiency of the evidence to support such factual determination, is produced as provided for hereinafter, and the Federal court on a consideration of such part of the record as a whole concludes that such factual determination is not fairly supported by the record:

And in an evidentiary hearing in the proceeding in the Federal court, when due proof of such factual determination has been made, unless the existence of one or more of the circumstances respectively set forth in paragraphs numbered (1) to (7), inclusive, is shown by the applicant, otherwise appears, or is admitted by the respondent, or unless the court concludes p-usuant to the provisions of paragraph numbered (8) that the record in the State court proceeding, considered as a whole, does not fairly support such factual determination, the burden shall rest upon the applicant to establish by convincing evidence that the factual determination by the State court was erroneous.

pear[s]", that the State court's determinations of factual questions evidenced by written findings lack sufficient indicia of reliability. *Wickliffe v. Duckworth*, 574 F.Supp. 979 (N.D.Ind.1983) Here, the petitioner has failed to show that the State court's factual determinations of factual questions evidenced by its written findings lack sufficient indicia of reliability. The state record clearly shows that the petitioner failed to object or present argument during trial or on appeal, and thus, petitioner fails to show the necessity of an evidentiary hearing on the cause and prejudice issue. Therefore, petitioner's request for an evidentiary hearing is hereby DENIED.

This court also notes that the petitioner has not filed a request for the appointment of counsel, but at all times during these proceedings he has been ably represented by Joseph M. Kalady, a fellow inmate and lay advocate.[2]

## I.

The petitioner, Davidson, alleges the denial of his constitutional rights of due process and equal protection when the trial court granted the state's motion in limine preventing Davidson from cross-examining one of the state's juvenile witness concerning his juvenile adjudications. Davidson claims that said ruling prevented him from being allowed to present evidence to the jury concerning the witness' bias and prejudice through impeachment tactics, and thus, deprived him of his constitutional right to confront the witness.

The respondents claim that the petitioner failed to present a reviewable issue to the Indiana appellate courts since the petitioner failed to timely object or preserve the record. Therefore, they claim that the petitioner waived any claim as a matter of procedural default.

A closer review of the state court record reveals that the trial court denied the state's motion in limine as to voir dire and opening statements, reserving ruling for the time of cross-examination of the witness. The trial court granted the motion in limine directly prior to the witness cross-examination absent any argument or objections offered by the defendant. The defendant then fully cross-examined the witness making no attempt to place into evidence before the jury any prior crimes or juvenile adjudications of the witness. Based on the fact that the defendant failed to present a reviewable issue to the state court, the Indiana Supreme Court found no reversible error existed.

The issue of the affect of a state procedural default upon a federal habeas claim has been the focal point of much consideration by the federal courts. The Supreme Court of the United States has held, "We must determine, therefore, whether respondents may litigate, in a federal habeas proceeding, a constitutional claim that they forfeited before the state courts." *Engle v. Isaac*, 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982).

The U.S. Supreme Court also considered the forfeiture of a constitutional claim in a habeas proceeding resulting from a state procedural default in *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), when defendant failed to make a contemporaneous objection pursuant state procedural practice. The Court in *Sykes* when considering the affect of applying a procedural default as a bar to a constitutional claim stated, "We recognize that these costs are particularly high when a trial default has barred a prisoner from obtaining adjudication of his constitutional claim in the state courts. In that situation, the trial court has had no opportunity to correct the defect and avoid problematic retrials. The defendant's counsel, for whatever reasons, has detracted from the trial's significance by neglecting to raise a claim in that forum. (Footnotes omitted)."

---

**2.** Unlike most prison legal assistants, Mr. Kalady has considerable experience in prosecuting inmate petitions, both under 42 U.S.C. § 1983 and 28 U.S.C. § 2254, in federal court. He has appeared before this court on behalf of fellow inmates on numerous occasions. It is this court's understanding that Mr. Kalady holds a Master's degree in philosophy from DePaul University, and worked for two Chicago Loop law firms prior to his incarceration.

The Court also realized the consequences of the intervention of federal courts in the processes of the state criminal proceedings and further stated, "The state appellate courts have not had a chance to mend their own fences and avoid federal intrusion. Issuance of a habeas writ, finally, exacts a charge by under cutting the State's ability to enforce its procedural rules." Id. 456 U.S. at 129, 102 S.Ct. at 1572.

In extending the *Francis* [3] rule applying the "cause" and "prejudice" exception of procedural default, the Court in *Sykes* held, "If a criminal thinks that an action of the state trial court is about to deprive him of a federal constitutional right there is every reason for his following state procedure in making known his objection... The "cause" and "prejudice" exception of the *Francis* rule will afford an adequate guarantee, we think, that the rule will not prevent a federal habeas court from adjudicating for the first time the federal constitutional claim of a defendant who in the absence of such an adjudication will be the victim of a miscarriage of justice."

■ In this case, petitioner neither objected at trial, nor did he offer any reasons why he failed to comply with state procedural requirements. The Petitioner has failed to show cause for his failure to comply with state procedure and has not demonstrated the resulting prejudice therefrom. In *Engle*, the Court applying the *Sykes* test of "cause" and "prejudice" to a state procedural default in a federal habeas

petition stated, "These considerations supported our Sykes ruling, that, when a procedural default bars state litigation of a constitutional claim, a state prisoner may not obtain federal habeas relief absent a showing of cause and prejudice." This petition fails to meet the criteria set forth in the exception to the Sykes test demonstrating cause for non-compliance with state procedure and the resulting prejudice therefrom, thus, this issue is barred by procedural default.

## II.

■ The petitioner raises as his second issue before this court, a claim for the violation of his Fifth Amendment right against self-incrimination by the prosecutor's questioning him regarding his pre- and post-arrest silence. This petition is the first instance that the petitioner raises any claim as to a violation of his post-arrest silence. In his direct appeal to the Supreme Court of Indiana he clearly claimed a violation in regard to pre-arrest silence only. A close scrutiny of the alleged pre- and post-arrest silence questioning in this petition reveals that they are one in the same as the challenged pre-arrest silence questioning in the direct appeal to the state court. It is clear that the petitioner has construed the silence in question to be post-arrest silence for the first time in this habeas petition. A careful review of the questions under consideration [4] shows that

---

3. *Francis v. Henderson*, 425 U.S. 536, 96 S.Ct. 1708, 48 L.Ed.2d 149 (1976).

4. During cross-examination of Defendant, the prosecutor questioned Defendant without objection, as follows:

"Q Sir, is it your testimony you did not intend to hit anyone with those shots?
A Yes, it is.
Q Did you ever go to the police sir, with this information?
A No, maam (sic).
Q I believe you testified that while you were hiding you knew that someone had been hit, is that correct?
A That's right.
Q And yet you never went to the police?
A No, maam (sic), I was scared to death.

Q And when were you ultimately arrested, sir?
A Approximately twelve days after the incident.
Q So, in that two weeks you never went to the police with your information?
A That's right.
Q You testified that you got a hair cut, is that correct?
A That's right.
Q To avoid detection?
A That's right.
Q Didn't it occur to you that since a man had died and you knew what had had happened that you should give that information to the authorities?
A Nobody knows how much that occurred to me, maam (sic).
Q But you did not go to the police?

the silence was of a pre-arrest nature and does not lend itself to being characterized as post-arrest silence.

The Indiana Supreme Court when faced with the opportunity to consider the issue of pre-arrest silence questioning by the prosecutor in regards to any violation of Davidson's constitutional rights first considered the defendant's failure to comply with the state procedural requirements. The Court found that the defendant had waived any claim on the issue of pre-arrest silence since he failed to timely object at the trial.

The petitioner's failure to timely object thus preserving the issue for appeal constituted a procedural default. Therefore, the petitioner must show cause for failing to comply with state procedure and the resulting prejudice therefrom. *Wainwright v. Sykes, supra.* There has been no offer of explanation of why the petitioner failed to comply with state procedural requirements, thereby allowing the state courts the opportunity to mend their own fences. Therefore, without a showing of cause and prejudice the petitioner fails to fall within the exception to the *Francis* rule concerning procedural default. *Id., supra.* Issue two of the petition for alleged violation of self-incrimination under the Fifth Amendment for certain prosecutorial conduct in regards to pre-arrest silence is barred by procedural default.

Further, in regards to pre-arrest silence the United States Supreme Court has clearly held in *Jenkins v. Anderson,*[5] 447 U.S. 231, 100 S.Ct. 2124, 65 L.Ed.2d 86 (1980) that impeachment by use of pre-arrest silence does not violate the Fifth Amendment, the Fourteenth Amendment or the Constitution. Therefore, when the defendant voluntarily took the witness stand to testify in his own behalf he subjects himself to cross-examination and is susceptible to the impeachment of his credibility just like any other witness. *Raffel v. U.S.,* 271 U.S. 494, 46 S.Ct. 566, 70 L.Ed. 1054 (1926). Thus, in the event petitioner's claim was not barred by procedural default his claim would not present an issue violating the Constitution requiring granting of habeas relief.

### III.

The third issue presented by the petitioner is whether he was denied due process when the trial court gave its instruction number six.[6] The petitioner claims that the instruction as given shifted the burden of proof on the issue of intent to the defendant. The respondents claim that procedural default applies and that the Indiana Supreme Court found no existence of fundamental error.

At the time the trial court gave the instruction to the jury the defendant did not object or offer argument against the in-

---

A No, maam (sic).
Record, pp. 748–49. *Davidson v. State,* 442 N.E.2d 1076, 1079 (1982).

5. *United States ex rel Saulsbury v. Greer,* 702 F.2d 651, 655 (7th Cir.1983); *Phelps v. Duckworth,* 582 F.Supp. 401, 407 (N.D.Ind.1983).

  The Seventh Circuit Court of Appeals in *United States ex rel Allen v. Franzen,* 659 F.2d 745, 748 (7th Cir.1981) held:

  That *Jenkins* does control the pre-arrest silence issue, if the prosecutor's questions on cross-examination and remarks in closing argument had referred only to petitioner's silence prior to receiving his *Miranda* warnings, we would have been bound by *Jenkins* to conclude that no constitutional violation occurred.

6. Instruction number 6 reads as follows:

" 'Intent' concerns the frame of mind of a person at the time of a particular act. You can only determine intent by what a person says and what he does. Intent is a mental process. It is proved by the facts and circumstances leading up to and surrounding the particular act. Obviously, intent is a secret and silent operation of the mind. Its visible manifestation is the accomplishment or the attempted accomplishment of the act decided upon. An individual whose intent is sought to be ascertained may remain silent. Upon the question of intent, you may infer that a person intends to accomplish the necessary, natural, and probable consequences of his act."
*Davidson v. State, supra,* at 1080.

struction. The defendant failed to preserve the issue for appeal. Further, the defendant has failed to offer any reasons for his failure to comply with the state procedural requirement to timely object. The Indiana Supreme Court found that the defendant waived any error in the giving of the instruction.[7]

██ The state court found that no fundamental error existed as to issue three, and it also found independant grounds of procedural default waiving any error the petitioner claims he may have had as to instruction number six. Thus, it is upon the petitioner to show cause for the non-compliance of state procedure, and the prejudice resulting from any alleged error. *Wainwright v. Sykes, supra; Engle v. Issac, supra.* The petitioner has failed to show cause or demonstrate prejudice. Therefore, issue three is barred by procedural default.

### CONCLUSION

The petition for a writ of habeas corpus is hereby DENIED.

IT IS SO ORDERED.

---

**7.** The Indiana Supreme Court held:

"We do not agree that the giving of instruction No. 6 resulted in fundamental error.... It is apparent on its face, however, that instruction No. 6 does not dictate any such presumption to the jury. It attempts to explain intent to the jury and tells them they may infer that a person intends to accomplish the necessary natural and probable consequences of his act by considering that act and the surrounding cicumstances leading up to it. The jury was to determine the defendant's intent by examining and considering all the facts and circumstances surrounding the incident at the beach ..."
*Davidson v. State, supra,* at 1081.