Rudolph JOHNSON, Petitioner-Appellant,

v.

John T. KING, Secretary of Department of Corrections, et al., Respondents-Appellees.

No. 82–3082

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Jan. 24, 1983.

Janice G. Clark, Baton Rouge, La., for petitioner-appellant.

J. Marvin Montgomery, Brady Louis Jones, III, Asst. Attys. Gen., Louisiana Dept. of Justice, Baton Rouge, La., for respondents-appellees.

Before BROWN, REAVLEY and JOLLY, Circuit Judges.

JOHN R. BROWN, Circuit Judge:

In this civil rights action, 42 U.S.C. § 1983, the appellant Johnson, a prisoner at the Louisiana State Penitentiary at Angola, alleges irregularities in two disciplinary hearings resulting from three infractions of prison rules and confiscation of clothing pursuant to a prison regulation. The state sought and obtained summary judgment against Johnson on grounds that he had not exhausted administrative remedies. In so holding, the district judge held that the requirements of *Patsy v. Florida International University,* 634 F.2d 900 (5th Cir. 1981) (en banc), had been met. The judgment of this court in *Patsy* has now been reversed by the Supreme Court of the United States. *Patsy v. Florida Board of Regents,* —— U.S. ——, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982). On the basis of the Supreme Court's opinion in *Patsy,* we vacate the district court decision in this case and remand it for reconsideration under the Civil Rights of Institutionalized Persons Act (CRIPA), 42 U.S.C. § 1997 *et seq.* (1980).

On February 25, 1978, Johnson placed his work coat and work gloves on an empty bed at Camp C in violation of posted policy for the out-camps at the Louisiana State Penitentiary. The defendant Edwards, an official at the prison, picked up the clothing and Johnson asked that the items be returned to him. At this point, there was some dispute as to who became hostile toward whom. As a result of this exchange, Edwards issued Johnson a Disciplinary

Write-up for Defiance and Disobedience. Johnson appeared before the Disciplinary Board on these charges on February 27, 1978 and was found guilty. As a result, he was transferred to a different unit at Camp C and lost 25 days of good time.

Johnson filed no administrative appeal of this judgment or sentence. On or about March 20, 1978, Johnson did, however, write to defendant Phelps, Secretary of the Louisiana Department of Corrections, concerning his clothing. After an investigation, Phelps replied to the plaintiff and informed him that he would not intervene in the matter.

Johnson filed suit pursuant to 42 U.S.C. § 1983 against Phelps, Edwards and other officials in the Louisiana Department of Corrections alleging that his clothing had been improperly confiscated by Edwards and that he was improperly written up for violations of prison disciplinary rules. The defendants filed a motion for summary judgment on the grounds that Johnson, by failing to file a formal appeal, had not exhausted his administrative remedies. The Magistrate noted the requirements of this court's *Patsy* decision, 634 F.2d 900, and recommended denial of summary judgment, finding that the record was insufficient under *Patsy*. The district judge, however, held that the *Patsy* requirements were satisfied and granted summary judgment for defendants. Johnson appeals.

Johnson argues that his letter to the warden satisfied any exhaustion requirements or, in the alternative, that the Fifth Circuit *Patsy* requirements were not met. Johnson, however, filed his brief before the Supreme Court rendered its decision in *Patsy*. Thus, we need not address Johnson's argument that his letter to Phelps constituted an appeal sufficient to satisfy the Fifth Circuit's *Patsy* requirements. It is necessary, however, to address briefly our reasons for remanding the case in light of the Supreme Court's decision in *Patsy*.

In *Patsy*, the Supreme Court held that, except for certain claims by adult prisoners, exhaustion of state administrative remedies was not a prerequisite to an action under 42 U.S.C. § 1983, in view of the legislative history of § 1983 and of CRIPA § 1997e. Under § 1997e(a)(2), exhaustion of administrative remedies is required only if "the Attorney General has certified or the court has determined that such administrative remedies are in substantial compliance with the minimum acceptable standards promulgated under subsection (b)." Before exhaustion may be required, the court must further conclude that it "would be appropriate and in the interest of justice." Section 1997e(a)(1).

The disciplinary rules under which Johnson was penalized have not been certified by the Attorney General or by a court as being in substantial compliance with the minimum acceptable standards promulgated under section 1997e(b) of CRIPA.

The state, which filed its brief after *Patsy* was reversed, argues that the judgment should still be affirmed because the requirements in *Patsy* substantially mirror those embodied in CRIPA. We do not agree.

The CRIPA requirements are distinguishable from those in *Patsy*. For example, under CRIPA, inmates must have an advisory role in the formulation, implementation, and operation of the system. Section 1997e(b)(2)(A). In addition, *Patsy* requires only a "fair" and "not unduly burdensome" system, with relief available "within a reasonable period of time"; CRIPA requires specific time limits for written replies to grievances at each decision level. Section 1997e(b)(2)(B). Finally, CRIPA requires independent review of grievances and alleged reprisals by "a person or other entity not under the direct supervision or direct control of the institution." Section 1997e(b)(2)(E). CRIPA requirements, therefore, are more precisely drawn for prison application than are those of *Patsy*, and the district court's determination in this case cannot substitute for a proper CRIPA determination. On that basis, we remand the matter to the district court for reconsideration under CRIPA.

VACATED AND REMANDED.