902 F.2d 30
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Calvin Fay TERRY, Plaintiff-Appellant,
v.
George CASH, Head Jailor, Rutherford County Jail; Guy Cash,
Assistant Jailor, Rutherford County Jail; Mr. Greene,
Assistant Jailor, Rutherford County Jail; Jane Jannell Doe,
Nurse, Central Prison Hospital, First Aid Room on or about
June 22, 1988; John Doe, Officer on duty June 22, 1988 at
Central Prison Hospital Door; John Doe, # 2, Defendants-Appellees.
 
 No. 90-6778.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 2, 1990.
Decided April 18, 1990.
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. W. Earl Britt, Chief District Judge. (C/A No. 89-593-CRT)
 Calvin Fay Terry, appellant pro se.
 E.D.N.C.
 VACATED AND REMANDED.
 Before ERVIN, Chief Judge, and PHILLIPS and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Calvin Fay Terry appeals from the district court's order dismissing his 42 U.S.C. Sec. 1983 action for failure to demonstrate administrative exhaustion. Acting pursuant to 42 U.S.C. Sec. 1997e, the district court ordered Terry to exhaust the administrative remedies available to him through the North Carolina Inmate Grievance Procedure and notify the court of the result within 100 days. When Terry failed to demonstrate exhaustion within 100 days, the court dismissed the complaint.
 
 
 2
 In order for a court to dismiss a complaint for failure to exhaust pursuant to 42 U.S.C. Sec. 1997e, either the attorney general must certify that an inmate administrative grievance procedure substantially complies with the standards set forth in the statute, or the district court must determine that: (1) the inmate grievance procedure is in substantial compliance with the minimum standards promulgated under Sec. 1997e(b), and (2) requiring exhaustion would be appropriate and in the interests of justice. 42 U.S.C. Sec. 1997e(a). Johnson v. King, 696 F.2d 370, 371 (5th Cir.1983); Owen v. Kimmel, 693 F.2d 711 (7th Cir.1982).
 
 
 3
 We have before us no evidence that the attorney general has certified that North Carolina's Inmate Grievance Procedure meets the standards set forth in 42 U.S.C. Sec. 1997e. In addition, we have no evidence that the district court specifically determined whether the North Carolina Inmate Grievance Procedure is in substantial compliance with the minimum standards promulgated under Sec. 1997e(b). Accordingly, we vacate the order of the district court and remand for further proceedings consistent with this opinion.
 
 
 4
 We dispense with oral argument because the facts and legal contentions are adequately presented on the record before this court and oral argument would not aid the decisional process.
 
 VACATED AND REMANDED