896 F.2d 1367
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Albert Larvell NICKS, Plaintiff-Appellant,
v.
Larry HUFFMAN; US District Court, Eastern District of
Virginia; Doris R. Casey, Defendants-Appellees.
 No. 89-7798.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Dec. 21, 1989.
Decided: Feb. 13, 1990.
 
 Albert Larvell Nicks, appellant pro se.
 Before K.K. HALL, SPROUSE and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Albert Nicks, a Virginia prisoner, attempted to file a 42 U.S.C. Sec. 1983 complaint claiming that (1) a federal magistrate and the clerk of the district court improperly thwarted his earlier attempts to file other lawsuits; (2) he was being denied proper jail credit on his 47-year state sentence; and (3) officials at the Augusta Correctional Center (ACC) had confiscated his legal materials and denied him access to the courts. The district court dismissed claims (1) and (2) for failure to particularize (after giving Nicks an opportunity to specify his concerns) and dismissed claim (3) for failure to exhaust administrative remedies. We affirm the dismissal of claims (1) and (2),[1] but vacate the order of dismissal relating to claim (3).
 
 
 2
 The Civil Rights of Institutionalized Persons Act states the circumstances under which a prisoner may be required to exhaust administrative remedies before bringing a Sec. 1983 action. 42 U.S.C. Sec. 1997e; see Patsy v. Florida Board of Regents, 457 U.S. 496 (1982). As the Fifth Circuit has explained:
 
 
 3
 Under Sec. 1997e(a)(2), exhaustion of administrative remedies is required only "if the Attorney General has certified or the court has determined that such administrative remedies are in substantial compliance with the minimum acceptable standards promulgated under subsection (b)." Before exhaustion may be required, the court must further conclude that "it would be appropriate and in the interest[s] of justice." Section 1997e(a)(1).
 
 
 4
 Johnson v. King, 696 F.2d 370, 371 (5th Cir.1983). Here the district court simply dismissed, rather than making these determinations. On remand, the court should make the appropriate findings and, if it decides exhaustion would be "in the interests of justice," stay further consideration pursuant to 42 U.S.C. Sec. 1997e(a)(1) to give Nicks an opportunity to show exhaustion of administrative remedies.
 
 
 5
 Accordingly, we affirm the dismissal of claims (1) and (2) but remand claim (3) for further action consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented on this record and oral argument would not aid the decisional process.
 
 
 6
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
 
 
 
 [1]
 We note that claim (2) appears to be the same claim we resolved against Nicks in Nicks v. Circuit Court of Alexandria, No. 88-6715 (4th Cir. Sept. 29, 1988) (unpublished)