Vernon C. **ADAMS**, Plaintiff-Appellant,

v.

Frank J. **PATE**, Warden, Defendant-Appellee.

Luther W. **MILLER**, Plaintiff-Appellant,

v.

**ILLINOIS DEPARTMENT OF CORREC-TION**, Peter Bensinger, Director; Frank J. Pate, Warden (retired); George J. Stampar, Acting Warden (retired) and A. J. Pollman, Disciplinarian Captain, Defendants-Appellees.

Nos. 18831–18832.

United States Court of Appeals, Seventh Circuit.

June 23, 1971.

Alan L. Metz, Jerold S. Solovy, Chicago, Ill., for plaintiffs-appellants; Jenner & Block, Chicago, Ill., of counsel.

William J. Scott, Attorney General, Kerry R. Cordis, Asst. Atty. Gen., Chicago, Ill., Joel M. Flaum, First Asst. Atty. Gen., James B. Zagel, Asst. Atty. Gen., Chicago, Ill., for defendants-appellees.

Before CASTLE, Senior Circuit Judge, and KERNER and PELL, Circuit Judges.

CASTLE, Senior Circuit Judge.

The above appeals were consolidated in this Court for briefing and argument, and we elect to dispose of them in one opinion. The plaintiffs-appellants are both inmates of the Illinois State Penitentiary, Stateville Branch, Joliet, Illinois. In No. 18831 plaintiff Vernon C. Adams filed a pro-se complaint in the District Court pursuant to leave to proceed in forma pauperis, seeking recovery of monetary damages from the defendant, Frank J. Pate, under 42 U.S.C.A. §§ 1983 and 1985 for violations of Adams' civil rights alleged to have occurred during Pate's tenure as Warden of the Stateville Branch of the penitentiary. The District Court, on the defendant's Rule 12(b) (6) [1] motion supported by affidavit, dismissed the complaint for failure to state a claim upon which relief can be granted. In No. 18832 plaintiff Luther W. Miller filed a pro-se complaint, pursuant to leave to proceed in forma pauperis granted by the District Court, seeking injunctive relief against and monetary ·damages from the defendants-appellees under §§ 1983 and 1985 for alleged violations of Miller's civil rights. Prior to the filing of a responsive pleading by the defendants, the District Court dismissed Miller's complaint as frivolous. In their appeals both plaintiffs are represented by the same court-appointed counsel.

■ Adams' complaint expressly predicates recovery from the sole defendant, Pate, on an application of the doctrine of respondeat superior.[2] The complaint, as supplemented by additional averments contained in the response Adams filed to the defendant's motion to dismiss, alleges that on numerous occasions Adams was beaten by inmate-nurses on orders of prison guards, and that his confinement in the segregation unit (detention hospital) either for minor rule infractions or without cause constituted "cruel and unusual punishment" in violation of the Eighth Amendment, and was imposed without procedural due process. The complaint contains in excess of fifty separate allegations which except for those summarized above are of a general conclusory nature, critical of various aspects of administration of the prison but not specifically related to treatment received by the plaintiff. The District Court properly characterized it as "encumbered with improper material and issues".

Insofar as Adams' complaint seeks recovery for the alleged beatings it is wholly insufficient to state a claim against the defendant. It totally fails to allege any overt acts on the part of Warden Pate or that the alleged beatings were administered at the direction of the Warden or with his knowledge and consent. All the complaint alleges in this respect is that the plaintiff's mother, after a visit to him at the prison, informed Warden Pate of the beatings but he did nothing to stop them.

■ Adams' complaints with respect to his confinements in the segregation unit (detention hospital) on numerous occasions are directed for the most part to the loss of privileges such confinements entailed. Although he complains of "unsanitary living conditions" this conclusory general averment is not accompanied by any specific allegations, which if proved, would establish that the segregated confinement constituted cruel or unusual punishment within the purview of the interdiction of the Eighth Amendment. Solitary confinement [3] in

1. Rule 12(b) (6) of the Federal Rules of Civil Procedure.

2. Where monetary damages, as distinguished from equitable relief, is sought under the provisions of the Civil Rights Act the doctrine of respondeat superior does not apply; personal involvement of the defendant is required. Cf. Schnell v. City of Chicago, 7 Cir., 407 F.2d 1084, 1086.

3. The confinement in the segregation unit here involved does separate the prisoner from the main body of prisoners but it is not as isolated as "solitary confinement" would imply. Normally, more than one prisoner occupies each of the cells in the segregation unit.

and of itself does not violate Eighth Amendment prohibitions, and the temporary inconveniences and discomforts incident thereto cannot be regarded as a basis for judicial relief. Ford v. Board of Managers of New Jersey State Prison, 3 Cir., 407 F.2d 937, 940; Sostre v. McGinnis, 2 Cir., 442 F.2d 178 (Opinion issued February 24, 1971).

■ The usual institutional procedure is that prior to the imposition of confinement in segregation, the prisoner is to be taken before the Disciplinary Captain for a hearing and determination of guilt or innocence, and if found guilty, to have him designate the punishment.[4] It thus appears that the prisoner is confronted with the accusation against him and afforded a reasonable opportunity to deny the accusation or explain his actions. In the context of the nature of the administrative action here involved, this would appear to fairly and rationally satisfy the concept of procedural due process. Sostre v. McGinnis, *supra*. In any event, Adams' recital of an incident where he was immediately taken to the detention hospital without being taken before the Disciplinary Captain does not attribute that action to any personal involvement or knowledge on the part of Warden Pate. Such allegation affords no basis for any recovery of monetary damages from the Warden.

■ We conclude that the District Court did not err in dismissing Adams' complaint for failure to state a claim upon which relief can be granted.

Miller's complaint, which was dismissed as "frivolous" pursuant to 28 U.S. C.A. § 1915(d),[5] seeks both monetary and injunctive relief. It names as defendants the Director of the Department of Corrections, Peter Bensinger; Frank J. Pate, retired Warden of the Stateville Branch of the Illinois penitentiary; George J. Stampar, acting warden of Stateville; and A. J. Pollman, Disciplinarian Captain at Stateville. In the body of the complaint Pollman is described as an "employee of the State" who as Disciplinarian Captain "holds court in the Prison for reasons of handing out punishment to prisoners for rule infractions, and serves in the capacity of a judge concerning prison administrative disciplinary proceedings".

■ The complaint bases Miller's claims for damages and for injunctive relief on alleged deprivation of due process and imposition of cruel and unusual punishment. Miller alleges that on numerous occasions he was ordered placed in isolated or segregated confinement for from ten to fifteen days by Disciplinary Captain A. J. Pollman for infractions of prison rules. Insofar as violation of due process under color of State law is concerned it is alleged, in substance, that the disciplinary action and confinements lacked due process because Pollman is employed at the prison although he is disqualified to hold office under the Illinois Constitution, and that defendants Bensinger, Pate and Stampar were aware of Pollman's ineligibility. The claim of violation of due process so predicated is patently frivolous. Understandably, it is not urged to the contrary on appeal. In this Court Miller advances a contention that there was a lack of procedural due process in the imposition of the disciplinary confinements. But there is no allegation in Miller's com-

4. In this respect, Adams, in the response he filed alleges that "it is the usual procedure [prior to the imposition of confinement in the segregation unit as a disciplinary measure, for the prisoner] to be taken before the Disciplinary Captain for a determination of guilt or innocence, and if found guilty to have him designate the punishment".

5. § 1915(d) provides, in pertinent part, that the court which has authorized the prosecution of an action in forma pauperis:
"* * * may dismiss the case * * * if satisfied that the action is frivolous or malicious."

plaint that could serve as a basis for such contention.

 With respect to his claim that the disciplinary confinements constituted cruel and unusual punishment in violation of the Eighth Amendment Miller makes a general conclusory allegation that the cells used for such disciplinary confinements were in an "inhumane, filthy and foul" condition. He does attach as an exhibit to the complaint a drawing which portrays a cell having an eight foot ceiling; being seven feet wide and fifteen feet long; and equipped with a radiator, running water, a flush toilet, a ceiling light and a frosted window covered by a mesh screen which is described as "dusty and dirt invested". It is specifically alleged that the cell lacks adequate ventilation, that the ceiling light is turned on only when the prisoner is fed, and that "if you want water, you must drink from the water faucet, 13″ above the commode, which is engulfed in the commode's foul stench". While these alleged cell conditions undoubtedly would make confinement in such quarters unpleasant, they do not constitute conditions "so foul, so inhuman and so violative of basic concepts of decency" to fall within the proscriptions of the Eighth Amendment. Wright v. McMann, 2 Cir., 387 F.2d 519. They are far removed from the conditions of confinement which led to the contrary conclusions reached in Wright v. McMann and the similar cases, such as Jordan v. Fitzharris, 257 F.Supp. 674 (N.D.Cal.1966), relied upon by the plaintiff.

We perceive no error in the District Court's dismissal of Miller's complaint. If it was not entirely frivolous, at best it did not state a claim upon which relief can be granted under the guise of a Civil Rights Act violation.

The respective judgment order entered in each of the appeals is affirmed.

Affirmed.