Frank EDWARDS, Jr., et al.,
Plaintiffs-Appellants,

v.

ILLINOIS DEPARTMENT OF
CORRECTIONS et al.,
Defendants-Appellees.

Lawrence COLEMAN,
Plaintiff-Appellant,

v.

John J. TWOMEY, Warden, et al.,
Defendants-Appellees.

Nos. 74–1423, 74–1489.

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 21, 1975.

Decided April 8, 1975.

Stephen G. Seliger, Herbert Beigel, Mark B. Epstein, Chicago, Ill., for plaintiffs-appellants.

William J. Scott, Atty. Gen., Raymond McKoski, Asst. Atty. Gen., Chicago, Ill., for defendants-appellees.

Before CUMMINGS and SPRECHER, Circuit Judges, and MARKEY, Chief Judge of the U. S. Court of Customs and Patent Appeals.*

CUMMINGS, Circuit Judge.

These consolidated actions were brought under the Civil Rights Act (42

* Judge Howard T. Markey is sitting by designation.

U.S.C. § 1983) and complain principally that the four named Illinois prison inmates and their class[1] had their good time revoked without due process of law by the prison Disciplinary Committee and Merit Staff at Statesville, Illinois. In particular, the complaints challenged the constitutionality of the Illinois Department of Corrections' procedures on the loss of good time embodied in Sections 804 and 812 of the then departmental regulations.[2]

In an unreported memorandum opinion and order in *Edwards,* the district court granted defendants' motion to dismiss. Noting that the "central thrust" of plaintiffs' complaint was for deprivation of good time without due process, Judge McGarr held that under Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439, habeas corpus is the exclusive remedy for claims seeking the restoration of good time. Apparently treating plaintiffs' civil rights action as a petition for habeas corpus (see United States ex rel. Miller v. Twomey, *supra,* 479 F.2d at 703), the district court further held that the plaintiffs had failed to allege adequately their exhaustion of state remedies as required by 28 U.S.C. § 2254(b) and therefore dismissed the *Edwards* complaint *in toto* without ruling separately on the claims for damages or for declaratory and injunctive relief.

After its decision in *Edwards,* the district court issued a short order dismissing *Coleman sua sponte,* relying upon the same analysis that it had used in *Edwards.* In this Court, plaintiffs argue that the district court should have granted their claims for restoration of good time as if made under 28 U.S.C. § 2254, because the Illinois remedies assertedly open to them do not provide for a realistic possibility for relief. They also contend that even if the district court properly dismissed the claims for restoration of good time for failure to exhaust, it was error to dismiss plaintiffs' claims for compensatory injunctive and declaratory relief under Section 1983.[3]

 In Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935, the Supreme Court made it clear that "[t]he question of retroactivity of new

---

1. The named plaintiffs in 74–1423 are Frank Edwards, Roosevelt Murphy and Lemuel Reed. They sought to represent a class of inmates similarly denied procedural due process at Statesville. Since the plaintiff in 74–1489, Lawrence Coleman, fell within the definition of the class in *Edwards* and since his claims were much the same as those in the other suit, the district court consolidated the two actions on November 2, 1972.

 Because of the recognition of prisoner rights in this Court's decision in United States ex rel. Miller v. Twomey, 479 F.2d 701 (7th Cir. 1973), certiorari denied, Guitierrez v. Dept. of Public Safety, 414 U.S. 1146, 94 S.Ct. 900, 39 L.Ed.2d 102, which was rendered subsequent to the filing of the complaint in *Edwards,* the district court concluded that there was insufficient reason to permit the *Edwards* cause to proceed as a class action. Appellants do not assert error as to this ruling.

 Although a three-judge panel was originally convened in the *Edwards* case, that tribunal was dissolved on January 30, 1974, because "the State Department of Corrections revised its Regulation 804, effective August 1, 1973 in a manner which complies with the *Miller* requirements. Thus the issue which occasioned the convening of this three-judge panel has been mooted." Appellants do not ask this Court to examine the propriety of this dissolution.

2. The regulations initially attacked were those promulgated in March 1972, but an amendment to Edwards' complaint requested relief with respect to regulations that went into effect on March 15, 1973, and August 1, 1973 (Exhibit A to Edwards' amended complaint). Coleman's amended complaint assailed Sections 804 and 812 of the regulations in effect in April and May 1972. Regulation 804, as amended effective November 15, 1974, has been submitted by plaintiffs as Appendix A to their brief in this Court.

3. The dismissal of plaintiffs' claim for money damages for failure to exhaust is not dictated by the Supreme Court's holding in *Preiser.* Indeed, in *Preiser* the Court specifically stated: "a damages action by a state prisoner could be brought under the Civil Rights Act in federal court without any requirement of prior exhaustion of state remedies." 411 U.S. at 494, 93 S.Ct. at 1838. Because we take a different approach than the district court in this case, we need not separately consider plaintiffs' claim for damages. See also Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935, as to the dismissal of the claims seeking declaratory and injunctive relief.

procedural rules affecting inquiries into infractions of prison discipline is effectively foreclosed by this Court's ruling in [Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484]." 418 U.S. at 573, 94 S.Ct. at 2983. Thus in order to state a cause of action for violation of constitutional rights upon which relief can be granted, persons seeking redress for procedural due process violations in prison disciplinary procedures must allege facts showing that the due process requirements applicable at the time of the alleged violations were not met. Plaintiffs in these cases fail to allege such facts.

In late 1971 and early 1972, when the events of which plaintiffs complain took place,[4] the applicable standard for prison disciplinary hearings had been set forth in Adams v. Pate, 445 F.2d 105 (7th Cir. 1971). There a panel of this Court said of a prison disciplinary proceeding:

> "It thus appears that the prisoner is confronted with the accusation against him and afforded a reasonable opportunity to deny the accusation or explain his actions. In the context of the nature of the administrative action here involved, this would appear to fairly and rationally satisfy the concept of procedural due process." 445 F.2d at 108.

While it may not have been immediately clear that in *Adams* we were announcing a standard by which prison disciplinary hearings would be judged, subsequent decisions have shown it to be such. Chapman v. Kleindienst, 507 F.2d 1246, 1252 (7th Cir. 1974); Aikens v. Lash, 514 F.2d 55, 62 (7th Cir. 1975); Thomas v. Pate, 516 F.2d 889, 890 (7th Cir. 1975). In *Aikens*, which was argued before this Court on the same day as the instant appeal, Judge Sprecher noted that "[a]t most *Adams* provided prisoners with an opportunity to deny the accusations against them and explain their actions to prison officials." 514 F.2d at 62.

While the present complaints ask the courts to require some procedures which go beyond even those mandated in *Wolff* and *Miller*, it is apparent from the allegations that the four plaintiffs were afforded the opportunity to deny the accusations against them or explain their conduct, as due process under *Adams* required.[5] Thus the complaints fail to state a cause of action for deprivation of procedural due process. See Chapman v. Kleindienst, *supra*, 507 F.2d at 1252; Black v. Brown, 513 F.2d 652, 655 (7th Cir. 1975).

Because plaintiffs allege no cause of action upon which relief may be granted

4. The dates (as alleged in the complaints) of the individual plaintiffs' appearances before the Disciplinary Committee and Merit Staff, respectively, are as follows: Edwards—August 23, 1971 and August 25, 1971; Murphy—July 14, 1971 and July 21, 1971; Reed—Disciplinary Committee appearances on August 6, 1971 and September 30, 1971 with one Merit Staff appearance on November 6, 1971. Coleman assails only his April 11, 1972, appearance before the Disciplinary Committee. Because each of these events took place after our decision in *Adams*, we are not confronted with the problem discussed in Cox v. Cook, —— U.S. ——, 95 S.Ct. 1237, 43 L.Ed.2d 587.

5. The complaint in *Edwards* alleges that the following took place before the Disciplinary Committee *and* the Merit Staff prior to the revocation of good time:

> "Plaintiff Edwards was read a statement of the alleged offense, *and was permitted to make a statement,* but was refused permission to confront his accuser, who was not present" (emphasis added).

Identical allegations are made with respect to plaintiff Murphy. As to Lemuel Reed, it is alleged that after a statement was read to him by a disciplinary committee, he "was not permitted to make meaningful statements in his defense." At Reed's hearing before the prison Merit Staff, however, the complaint alleges that he was allowed to make a statement, and there is no allegation that this statement was not permitted to be "meaningful." Since the Merit Staff may act contrary to the recommendation of the Disciplinary Committee in making the final recommendation to the Director regarding revocation of good time, we think that allowing Reed to make a statement before that body apparently without significant restrictions was sufficient to satisfy the requirements of *Adams*.

The amended complaint in *Coleman* attacks only the procedures at the hearing before the Disciplinary Committee at the prison. While complaining of the omission of certain procedures, Coleman's complaint does acknowledge that he had an opportunity to make a statement before the Disciplinary Committee.

for denial of due process with respect to the various deprivations of good time, habeas corpus relief is inappropriate, regardless of the claimed non-availability of state remedies. Similarly, since no constitutional rights were abridged, plaintiffs have failed to make a case for declaratory, injunctive or monetary relief under Section 1983 for the deprivation of good time. Consequently, the district court's dismissal of the complaints was proper.[6] Fed.R.Civ.P. 12(b)(6).

Affirmed.

6. Plaintiffs request that the various regulations appended to its amended complaint be declared unconstitutional and their enforcement enjoined (see note 2, *supra*). The earlier regulations that are attacked have been changed to conform to *Miller* and *Wolff,* at least on their face. Since *Miller* and *Wolff* have effectively invalidated those regulations that do not conform thereto and since no facts are alleged in this complaint which purport to show that the newest post-*Miller* and post-*Wolff* regulations fail to conform to the dictates of those two cases, there is no need to grant the declaratory and injunctive relief sought herein. See *Thomas v. Pate, supra,* 514 F.2d 56 at 62, n. 2.