Arthur BESHAW, Plaintiff,

v.

Ogis FIELDS, Warden et al., Defendants.

No. 78–C–98.

United States District Court, W. D. Wisconsin.

Feb. 7, 1980.

Arthur Beshaw, pro se.

Frederick E. Martin, Atty., U. S. Dept. of Justice, Washington, D. C., and Frederick J. Erhardt, Asst. U. S. Atty., Madison, Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The plaintiff, an inmate at the detention center of the federal correctional institution in Oxford, Wisconsin, during the events pertinent to this action, sues for damages under the eighth amendment based on injuries he sustained when he slipped on an open drain in the detention center shower. Mr. Beshaw alleges that his injuries were the result of negligence on the part of the defendants and that he has not received adequate medical treatment. The defendants, who are the attorney general of the United States, the warden of the correctional center, the director of the bureau of prisons, and the United States, have moved to dismiss on a number of grounds. Without reaching the merits of the plaintiff's claims, I believe this action should be dismissed.

In an order dated May 1, 1978, Judge Doyle denominated this as "a civil action for monetary relief." The only juris-dictional basis to recover a monetary sum from the United States and the other defendants in their official capacities is the Federal Tort Claims Act, 28 U.S.C. § 1346(b). *See United States v. Muniz*, 374 U.S. 150, 83 S.Ct. 1850, 10 L.Ed.2d 805 (1963). However, 28 U.S.C. § 2675(a) requires, as a jurisdictional prerequisite to the maintenance of this suit, that the plaintiff first file his claim with the appropriate federal agency, the bureau of prisons. *See Best Bearings Co. v. United States*, 463 F.2d 1177, 1179 (7th Cir. 1972).

If the complaint were to be construed as a suit against the named defendants in their individual capacities, it must be dismissed because the plaintiff has failed to allege that any of the defendants were personally involved in the challenged conditions, and the doctrine of respondeat superior does not apply. *Byrd v. Warden, Federal Detention Headquarters*, 376 F.Supp. 37, 39 (S.D.N.Y.1974). Similarly, in *Rizzo v. Goode*, 423 U.S. 362, 377, 96 S.Ct. 598, 607, 46 L.Ed.2d 561 (1976), and *Adams v. Pate*, 445 F.2d 105, 107 n.7 (7th Cir. 1971), the courts held that personal involvement of a named defendant was required before there could be equitable relief (*Rizzo*) or monetary recovery (*Pate*) against *state* officials under 42 U.S.C. § 1983.

I am mindful that this is a pro se complaint, but I am nevertheless satisfied that the plaintiff has failed to state claims that are presently cognizable by this court.

Therefore, IT IS ORDERED that the complaint and this action be and hereby are dismissed without prejudice.