**Willie WILLIAMS, Plaintiff,**

v.

**Gayle FRANZEN, Director of Illinois Department of Corrections; Lou Brewer; Nicholas Mellas; and Marie Hall, Defendants.**

**No. 78 C 3366.**

United States District Court,
N. D. Illinois, E. D.

Sept. 24, 1980.

Kris Daniel, Betar & Lamendella, Chicago, Ill., for plaintiff.

Tyrone C. Fahner, Atty. Gen., Michael B. Weinstein and Carolyn B. Notkoff, Asst. Attys. Gen., Chicago, Ill., for defendants.

MEMORANDUM OPINION AND ORDER

CROWLEY, District Judge.

This amended complaint alleges a violation of 42 U.S.C. § 1983 and jurisdiction is properly invoked under 28 U.S.C. § 1343(3). Plaintiff is a prisoner incarcerated in the Stateville Correctional Center in Joliet, Illinois (Stateville). Originally, plaintiff proceeded *pro se*, but this amended complaint was filed with the aid of court appointed counsel. Plaintiff alleges that he was arbitrarily transferred from his cell under 24–hour protective custody to the Segregation Unit on or about June 30, 1978. Plaintiff claims he has a due process right to notice and an opportunity to be heard concerning such a transfer but that he has yet to be informed of the reason for the transfer and he is still in the Segregation Unit. As a result, plaintiff claims he has been denied access to facilities to which he is entitled and has been unreasonably restrained. Plaintiff is seeking both injunctive relief of reassignment and provision of reasons for his transfer, and monetary damages.

Defendants Franzen (Director, Illinois Department of Corrections), Hall (Assistant Warden, Stateville), and Mellas (Assistant Warden, Stateville)[1] have moved to dismiss and alternatively for summary judgment. They argue first that the doctrine of *respondeat superior* does not apply where monetary damages are sought in civil rights suits under 42 U.S.C. § 1983, and that none of the defendants is alleged to have been personally involved in the alleged constitutional violation nor that the violation occurred with their knowledge or consent. Second, defendants claim that the affidavit of a correctional officer and disciplinary records establish that plaintiff was placed in the Segregation Unit for cause and, thus, not arbitrarily. However, a supplemental exhibit[2] reveals that in a letter to plaintiff,

---

1. Mr. Lou Brewer is also named in the complaint as a defendant in the capacity as Warden of Stateville. Brewer, however, was not included in defendants' motion.

2. Defendants filed a motion to supplement their Motion to Dismiss or for Summary Judgment with this letter. The Court grants this motion and will consider the letter in the disposition of this matter.

defendant Franzen explained to plaintiff that he was transferred on June 29, 1978 from Cellhouse "E" 24–hour safekeeping status to Cellhouse "B" temporarily because of a lack of facilities. Franzen further related that plaintiff was returned to Cellhouse "E" as space became available in November, 1978. Also, during this period, plaintiff was not denied compensatory good time. Finally, the letter claims that any subsequent denial of compensatory good time was in accordance with regulations.

■■■ With respect to the *respondeat superior* issue, it is clear that the plaintiff must allege "personal involvement or knowledge" on the part of the defendants to state a claim for monetary damages against supervisory personnel under § 1983. *McDonald v. Illinois*, 557 F.2d 596 (7th Cir. 1977); *Adams v. Pate*, 445 F.2d 105, 107 (7th Cir. 1971). Plaintiff argues that he has sufficiently alleged personal involvement for two reasons; the Complaint charges both that "one or more of the Defendants" ordered plaintiff's reassignment and each defendant had responsibility for the supervision of inmates at Stateville. The latter reason is clearly insufficient because it merely alleges general supervisory responsibilities and does not claim specific involvement in this alleged constitutional deprivation. On the other hand, the allegation that plaintiff was arbitrarily transferred on the order of one or more of the defendants does allege personal involvement, but it does not specifically identify any one defendant as responsible. Furthermore, defendant Franzen has been substituted as a party pursuant to Fed.R.Civ.P. 25(d)(1), but he did not become Director of the Illinois Department of Corrections until December, 1978, six months after plaintiff claims he was transferred to the Segregation Unit. Thus, Franzen could not have ordered plaintiff transferred. Since plaintiff has not alleged that any specific defendant ordered, had knowledge of the order, or acquiesced in the order of transfer nor that any defendant had knowledge and acquiesced in plaintiff's continued assignment to segrega-

tion in violation of his rights, plaintiff has failed to state a cause of action for monetary damages under 42 U.S.C. § 1983 against defendants Franzen, Hall and Mellas.

With respect to defendants' motion for summary judgment on the remainder of plaintiff's claims for relief, defendants' arguments are misplaced. They apparently claim that the corrections officer's affidavit and the Franzen letter establish that plaintiff was not arbitrarily assigned to segregation and that he was not denied good time credit when transferred because of overcrowding. However, plaintiff's claim is based on a denial of the due process rights of notice and opportunity to be heard, not the wrongful deprivation of good time.

The fundamental issue in this case, not addressed by defendants, is whether prisoners are entitled to any due process rights when transferred to segregation. In his memorandum in opposition to defendants' motion, plaintiff argues that prolonged segregated confinement is a grievous loss which triggers due process rights. However, the Seventh Circuit has expressly ruled that since the Supreme Court cases of *Meachum v. Fano*, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976), and *Montanye v. Haymes*, 427 U.S. 236, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976), the "grievous loss" analysis is not appropriate. *Arsberry v. Sielaff*, 586 F.2d 37, 44–46 (7th Cir. 1978). In *Arsberry*, the court held that procedural protections are not triggered unless a prisoner has "some justifiable expectation rooted in state law that the challenged action will not be taken absent the occurrence of a specified factual predicate." 586 F.2d at 45. In *Stringer v. Rowe*, 616 F.2d 993, 996 (7th Cir. 1980), the court re–established this principle.

■■■ In *Stringer*, the trial court had held that the plaintiff had failed to state a due process claim because he had not challenged the prison disciplinary procedures. The Seventh Circuit, following *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30

L.Ed.2d 652 (1972), gave the complaint a liberal reading and held that it stated a due process claim based upon a liberty interest created by prison regulations. Specifically, *Stringer* argued on appeal that Administrative Regulation 804(II)(A)(3) and (4), 804(II)(K), and 804(II)(B) of the Department of Corrections create an expectancy that prisoners will not be placed in segregation absent a finding of major misconduct. As the *Stringer* opinion indicates, these regulations establish a two–tier system of disciplining prisoners similar to the Nebraska system reviewed in *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). The *Wolff* court held that the prisoner had a protectible property interest in statutory good time credit because the prison authorities' discretion to revoke it was limited by statute and regulation. In addition, the type of liberty interest claimed in this case has been recognized by other courts. *See Wolff v. McDonnell*, 418 U.S. 539, 571 n. 19, 94 S.Ct. 2963, 2982, 41 L.Ed.2d 935 (1974) (Nebraska regulation); *Walker v. Hughes*, 558 F.2d 1247, 1255–56 (6th Cir. 1977) (federal regulation); *Bills v. Henderson*, 446 F.Supp. 967, 973 (E.D.Tenn. 1978) (Tennessee regulation). Since the Supreme Court has noted that a liberty interest may be created by a state regulation, *Meachum v. Fano*, 427 U.S. 215, 229, 96 S.Ct. 2532, 2540, 49 L.Ed.2d 451 (1976), this Court concludes that Illinois prisoners have a protectible liberty interest in not being placed in disciplinary segregation absent a finding of major misconduct. Since plaintiff has specifically claimed that his due process rights were violated, his complaint alleges a valid due process cause of action.

Accordingly, the motion of defendants Franzen, Hall and Mellas to dismiss this complaint is granted as to plaintiff's claim for monetary damages, but is denied as to the other relief sought. In addition, the defendants' motion for summary judgment is denied.