917 F.2d 565
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
James B. GEITZ, Plaintiff-Appellant,
v.
Edward MORELAND, et al., Defendants-Appellees.
 No. 88-2368.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 22, 1990.*
Decided Oct. 31, 1990.
 
 Before BAUER, Chief Judge, and EASTERBROOK and MANION, Circuit Judges.
 
 Order
 
 1
 James Geitz, a prisoner of Illinois, saw fellow prisoners commit a murder and helped prison officials in their investigation. He feared retaliation and asked to be put in protective custody. Officials at Menard did not do this, apparently believing it unnecessary because Geitz was soon to be transferred to a prison in St. Louis. Geitz was indeed transferred, without, we must assume, notice to Missouri officials about the risks. (A prison gang committed the murder, and gangs use a grapevine to organize their adherents in many prisons.) Two weeks after arriving in St. Louis, Geitz was a victim of extortion; five months after that he was assaulted and required treatment in a hospital. He maintains in this action under 42 U.S.C. Sec. 1983 that prison officials in Illinois violated his constitutional rights by not arranging with prison officials in Missouri for adequate protection. Geitz also sued the guards in Missouri, but claims against them were dismissed for deficient service of process or improper venue, and Geitz does not challenge this decision on appeal.
 
 
 2
 Hearing the case on consents under 28 U.S.C. Sec. 636(c), the magistrate dismissed the complaint for failure to state a claim on which relief may be granted. The magistrate wrote: "Nowhere in the Complaint does [Geitz] allege personal involvement on the part of the Menard officials in the assault." As Geitz observes on appeal, it was not his theory that Menard's officials assaulted him in St. Louis. It is, rather, that they deliberately or recklessly omitted to take precautions (principally notifying Missouri officials about the risk) that would have averted the assault. We held in Santiago v. Lane, 894 F.2d 218, 222-23 (7th Cir.1990), that failure to notify a transferee institution of an outstanding risk of assault may be a ground of liability. The magistrate did not have the benefit of Santiago, and we remand the case for reconsideration in light of that case.
 
 
 3
 Geitz will not have an easy case on remand. Failure-to-notify is a theory available only concerning the officials in Illinois charged with that duty. It is difficult to see, for example, how Warden Thieret could be liable just because he was aware of a risk to Geitz. Wardens do not fill out transfer papers personally, and supervisors are not liable for the operational delicts of their subordinates. E.g., Wolf-Lillie v. Sonquist, 699 F.2d 864 (7th Cir.1983); Adams v. Pate, 445 F.2d 105 (7th Cir.1971). (Geitz does not contend that the warden established an unconstitutional policy.) The remaining defendants, guards at Menard, also knew about the risk to Geitz, but the complaint does not indicate that they had any responsibility for preparing transfer papers, or passing information along to those with that duty. Geitz will need to establish who is responsible for the omission, and that the responsible person or persons acted with the necessary mental state. Whitley v. Albers, 475 U.S. 312 (1986); Duckworth v. Franzen, 780 F.2d 645 (7th Cir.1985).
 
 
 4
 Because investigating and proving such a case may be a difficult task, we invite the magistrate to reconsider his order denying Geitz's request for counsel. In civil cases under Sec. 1983 judges cannot "appoint" counsel as Geitz asks us to do, Mallard v. United States District Court, 109 S.Ct. 1814 (1989), but judges may request assistance from members of their bar. That may be an appropriate step, now that Santiago reveals the potential merit of Geitz's theory, and we are confident that the magistrate will reconsider the question with this in mind.
 
 
 5
 VACATED AND REMANDED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). Appellant submitted a statement requesting oral argument. After considering that statement, the briefs, and the record, the court concluded that oral argument would not be helpful. The appeal is submitted for decision without argument