946 F.2d 897
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Vernel KNIGHT, Plaintiff-Appellant,
v.
Richard H. CLARK, Defendant-Appellee.
 No. 90-2772.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 2, 1991.*
Decided Oct. 10, 1991.
 
 Before POSNER, COFFEY and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff-Appellant, Vernel Knight, appeals from the decision of the district court dismissing his due process claim against the warden of the prison in which he is incarcerated for failing to reimburse him for the loss of his stolen gym shoes. After reviewing the decision of the district court as well as the record, we have concluded that the district court properly dismissed the case; therefore, we affirm the decision of the district court for the reasons stated in the attached memorandum opinion.
 
 
 2
 AFFIRMED.
 
 ATTACHMENT
 UNITED STATES DISTRICT COURT
 FOR THE
 NORTHERN DISTRICT OF INDIANA
 SOUTH BEND DIVISION
 
 3
 VERNEL KNIGHT, Plaintiff,
 
 
 4
 v.
 
 
 5
 RICHARD CLARK, Defendant.
 
 CIVIL NO. S90-161
 June 28, 1990
 MEMORANDUM AND ORDER
 
 6
 This case is before the court on defendant's unopposed motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), for failure to state a claim upon which relief can be granted. The plaintiff, Vernel Knight, is an inmate at the Indiana State Prison (ISP) in Michigan City, Indiana. He filed the present action, pro se, on April 16, 1990, alleging that he ordered a pair of gym shoes through the prison's occupational therapy department, that funds were deducted from his prison account to pay for the gym shoes, that the gym shoes were subsequently stolen and that defendant, Richard Clark, violated his right to due process by subsequently refusing to refund the money for the stolen shoes or replace them. Mr. Knight's complaint further asserts that the prison's grievance committee recommended that he be reimbursed by the prison for his loss, but that the prison's tort claims investigator rejected his claim against the State of Indiana. Mr. Knight's complaint also alleges that the prison's warden and his staff caused the theft of his shoes, that the warden ordered prison officials to harass him in retaliation for his request for reimbursement, and that the warden and his staff caused his family to cut-off his funds. The court concludes that the defendant's motion must be granted.
 
 
 7
 Preliminarily, it must be noted that the defendant filed his motion to dismiss on May 8, 1990. Although the motion contained an appropriate notice in accordance with Lewis v. Faulkner, 689 F.2d 100 (7th Cir.1982), informing Mr. Knight of the need to file a response within 18 days, he has filed no response to date. However, even aside from Mr. Knight's failure to respond, it is clear that the only named defendant, Richard Clark, is never mentioned by name in the body of the complaint, and there is no indication that he was the prison's warden at the time of the alleged events. The complaint thus fails to allege sufficient personal involvement on the part of defendant Clark to state a claim under 42 U.S.C. § 1983. See Dunkin v. Duckworth, 644 F.2d 653 (7th Cir.1981); Adams v. Pate, 445 F.2d 105 (7th Cir.1971).
 
 
 8
 In addition, it is well-established that even an intentional deprivation or destruction of an inmate's personal property does not constitute a violation of procedural due process where state law provides an adequate post-deprivation remedy. Hudson v. Palmer, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984). In this case, Mr. Knight has an adequate post-deprivation remedy available to him under the Indiana Tort Claims Act, IND.CODE 34-4-16.5-1 et seq. See Hendrix v. Faulkner, 525 F.Supp. 435, 453, 460 (N.D.Ind.1981).
 
 
 9
 Accordingly, the defendant's motion to dismiss for failure to state a claim is GRANTED. The plaintiff's complaint is DISMISSED WITHOUT PREJUDICE. The plaintiff is hereby allowed twenty (20) days from this date in which to submit any proposed amended complaint. Upon his failure so to do, such dismissal shall be WITH PREJUDICE.
 
 
 10
 SO ORDERED.
 
 
 11
 /s/Robin D. Pierce, U.S. Magistrate
 
 
 12
 cc: Magistrate Pierce
 
 V. Knight
 R. Wente
 Order Book
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs