962 F.2d 10
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Ruldolph L. LUCIEN, Plaintiff/Appellant,
v.
Howard A. PETERS, III and William C. Goskie, as
Superintendent, Defendants/Appellees.
 No. 91-2063.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 22, 1992.*
Decided May 18, 1992.
 
 Before BAUER, Chief Judge, and COFFEY and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Pro se petitioner-appellant, Ruldolph Lucien, appeals from the district court's order granting summary judgment in favor of the defendants. Lucien brought suit under 42 U.S.C. § 1983 and claimed that the defendants placed him in controlled segregation in violation of prison regulations, the Eighth Amendment, due process, and equal protection. Upon review of the district court's order, we have determined that the district court properly identified and resolved the issues presented on appeal; therefore, we affirm for the reasons stated in the attached district court order.[1]
 
 UNITED STATES DISTRICT COURT
 CENTRAL DISTRICT OF ILLINOIS
 
 2
 RUDOLPH LUCIEN, Plaintiff,
 
 
 3
 vs.
 
 
 4
 HOWARD A. PETERS, et al., Defendants.
 
 No. 90-2202
 
 5
 April 30, 1991.
 
 ORDER
 
 6
 The plaintiff, a state prisoner, has brought this civil rights action pursuant to 42 U.S.C. § 1983. He claims that the defendants, various correctional officials, violated the plaintiff's constitutional rights by subjecting him to "cruel and unusual" conditions of confinement and by denying him equal protection. This matter is before the court for consideration of the parties' cross-motions for summary judgment. For the reasons stated in this order, summary judgment will be granted in favor of the defendants.
 
 
 7
 Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Herman v. National Broadcasting Co., Inc., 744 F.2d 604, 607 (7th Cir.1984), cert. denied, 470 U.S. 1028 (1985). "[I]n determining whether factual issues exist, a reviewing court must view all the evidence in the light most favorable to the non-moving party." Black v. Henry Pratt Co., 778 F.2d 1278, 1281 (7th Cir.1985). However, Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party there is no 'genuine' issue for trial." Mechnig v. Sears, Roebuck & Co., 864 F.2d 1359 (7th Cir.1988).
 
 
 8
 The following facts are undisputed: On May 4, 1990, the plaintiff was placed in segregation pending investigation and hearing on various disciplinary offenses. The defendants placed the plaintiff in a cell with a solid door and vision panel rather than a cell with bars. The plaintiff calls the chamber a "control isolation cell." An Adjustment Committee found the plaintiff guilty of the charges on June 7, 1990. As a result, he received one year in segregation, as well as one year loss of good conduct credits.
 
 
 9
 The plaintiff remained in the so-called "control" cell for at least five months, until he was transferred to the Menard Correctional Center. The plaintiff maintains that prison regulations prohibit placement in control segregation for more than two consecutive three-day periods. The plaintiff (who is black and professes not to be a gang member) further charges that white prisoners and gang members are not subjected to the same "unconstitutional" treatment.
 
 
 10
 The plaintiff mischaracterizes or is mistaken about his segregation status. Both defendants deny that the plaintiff's placement in control segregation was ordered. Control segregation procedures are employed to isolate and control inmates who manifest "violent, bizarre or self-destructive behavior," and who have not been determined to be mentally ill. See Ill.Admin.Code, Tit. 20, Section 504.650 (1988). Here, nothing in the record indicates that control segregation procedures were initiated. Prison regulations concerning control segregation are inapplicable to the case at bar.
 
 
 11
 In fact, the affidavits of Defendant Goskie and Peters establish that the Pontiac Correctional Center does not have control segregation cells. The plaintiff was simply assigned to a cell in the segregation unit equipped with a solid door and vision panel, rather than bars. The defendants further declare that the solid-door cells are otherwise no different from other cells in the segregation unit, and that the plaintiff was afforded all privileges granted to other inmates in that unit. The plaintiff's mere placement in a cell with a solid door instead of a door with bars does not implicate the Constitution.[1] Because the court finds that the plaintiff was not placed in control segregation, there is no need to address his equal protection argument regarding this "unconstitutional practice."
 
 
 12
 Even assuming that the plaintiff had made a triable showing of a constitutional violation, he alleged no facts establishing the direct, personal involvement of either defendant, as required by Duncan v. Duckworth, 644 F.2d 653, 655 (7th Cir.1981). Nor has the plaintiff shown that the alleged violation of his constitutional rights occurred at their direction or with their knowledge and consent. See Crowder v. Lash, 687 F.2d 996, 1005 (7th Cir.1982). The mere fact that Peters is the Warden and Goskie the Segregation Unit superintendent is insufficient to establish liability, as the doctrine of respondeat superior (supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. See Wolf-Lillie v. Sonquist, 699 F.2d 864, 869 (7th Cir.1983); Adams v. Pate, 445 F.2d 105 (7th Cir.1972). Both defendants attest, without contradiction, that they were uninvolved with the plaintiff's cell assignment in the segregation unit. Regardless of whether the plaintiff made a showing that his constitutional rights were violated, he has failed to show that the named defendants were personally involved in the alleged circumstances giving rise to the complaint.
 
 
 13
 In conclusion, no material facts are in dispute, and the court finds that the defendants are entitled to judgment as a matter of law. No reasonable trier of fact could find that the plaintiff was subjected to five months' placement in "control" segregation; rather, the plaintiff was placed in a cell that happened to have a solid door rather than a door with bars. It is plain that the plaintiff simply misunderstood his segregation status. Consequently, the defendants' motion for summary judgment will be granted, and the plaintiff's cross-motion for summary judgment will be denied.
 
 
 14
 IT IS THEREFORE ORDERED that the defendants' motion for summary judgment (docket # 18) is allowed pursuant to Fed.R.Civ.P. 56. The Clerk of the court is directed to enter judgment in favor of the defendants and against the plaintiff. The parties are to bear their own costs.
 
 
 15
 IT IS FURTHER ORDERED that the plaintiff's motion for summary judgment (docket # 21) is denied.
 
 
 16
 /s/ HAROLD A. BAKER
 
 CHIEF U.S. DISTRICT JUDGE
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 Lucien argues that the district court abused its discretion in refusing to appoint him counsel before it granted summary judgment in favor of the defendants. He claims that counsel was necessary to aid him in conducting discovery because the defendants engaged in "evasive discovery tactics." There is no evidence of this in the record. Furthermore, upon review and considering the factors set forth in Maclin v. Freake, 605 F.2d 885, 887-89 (7th Cir.1991), we hold that the district court did not abuse its discretion in denying Lucien's request for appointment of counsel
 
 
 [1]
 In his affidavit opposing the defendants' motion for summary judgment (a page of which is missing), the plaintiff insists that the defendants are lying and that there is, in fact, a control segregation area in the segregation unit. However, the plaintiff's mere say-so is insufficient to defeat summary judgment. See Fed.R.Civ.P. 56(e). The only alleged difference between the plaintiff's cell and other cells is the mostly solid door. The plaintiff has not articulated a basis for a finding that the slightly different cells are actually "control isolation" cells