43 F.3d 1474
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
James Paul CLAYTON-EL, also known as CARMICHAEL MORRISON
Plaintiff/Appellant,
v.
Scott CLARK, et al., Defendants/Appellees.
 No. 92-4153.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 14, 1994.*
Decided Dec. 20, 1994.
Rehearing Denied Jan. 30, 1995.
 
 Before BAUER, RIPPLE and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 James P. Clayton-El appeals the district court's dismissal of his complaint brought pursuant to 42 U.S.C. Sec. 1983. Clayton-El, an inmate at Pontiac correctional facility, alleges that his constitutional right of access to the courts was violated by various correctional officials. He claims that legal materials pertaining to a hearing on his petition for a writ of habeas corpus were confiscated, thereby prejudicing him. For the reasons stated by the district court in the attached order, except for those as to Gramley, we AFFIRM the district court's judgment.
 
 
 2
 Clayton-El claims that the warden was personally involved in the alleged unconstitutional deprivation because a prison staff member informed him of the situation. Clayton-El alleges that the district court erred by not subpoenaing the staff member to testify. Given our agreement with the district court that Clayton-El's constitutional rights were not violated, the district court did not err in failing to subpoena the witness. Thus, summary judgment was properly granted in favor of Gramley, albeit for a different reason.
 
 ATTACHMENT
 UNITED STATES DISTRICT COURT
 CENTRAL DISTRICT OF ILLINOIS
 
 3
 James Paul Clayton-el, Plaintiff,
 
 
 4
 vs.
 
 
 5
 Scott Clark, et al., Defendants.
 
 No. 91-2454
 ORDER
 
 6
 The plaintiff, a state prisoner, has brought this civil rights action pursuant to 42 U.S.C. Sec. 1983. The plaintiff claims that the defendants, various Pontiac correctional officials, violated the plaintiff's constitutional rights by interfering with his access to the courts. More specifically, the plaintiff alleges that after he had packed boxes of legal documents in preparation for a hearing on his habeas corpus petition, the defendants confiscated some of the legal materials. The plaintiff maintains that his meritorious petition for a writ of habeas corpus was prejudiced due to the defendants' actions. This matter is before the court for consideration of the parties' cross-motions for summary judgment. For the reasons stated in this order,
 
 
 7
 Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Herman v. National Broadcasting Co., Inc., 744 F.2d 604, 607 (7th Cir.1984), cert. denied, 470 U.S. 1028 (1985). "[I]n determining whether factual issues exist, a reviewing court must view all the evidence in the light most favorable to the non-moving party." Black v. Henry Pratt Co., 778 F.2d 1278, 1281 (7th Cir.1985).
 
 
 8
 However, Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party there is no 'genuine' issue for trial." Mechnig v. Sears, Roebuck & Co., 864 F.2d 1359 (7th Cir.1988).
 
 FACTS
 
 9
 The following facts are uncontested: The plaintiff, James Paul Clayton-El (also known as Carmichael Morrison) is a state prisoner, confined at the Pontiac Correctional Center at all times relevant to the complaint. The plaintiff was sentenced to the Illinois Department of Corrections in 1982. Each of the defendants is or was a Pontiac employee at the time of the events giving rise to the complaint.[1]
 
 
 10
 The plaintiff was scheduled to appear in the Circuit Court of Cook County on October 22, 1991, regarding his petition for a writ of habeas corpus. The defendants Petri, Smith, Thacker and Clark,[2] Pontiac correctional officers, were assigned to escort the plaintiff to Chicago. Pursuant to correctional policy, the defendants searched the plaintiff's belongings prior to leaving the institution.
 
 
 11
 Apparently, the plaintiff wished to take to court all ten years' worth of his legal materials, which consisted of some eight thousand pages filling three boxes. The defendants informed the plaintiff that he would not be able to take items with him that did not pertain to the Cook County habeas case. In spite of the plaintiff's protests, the defendants removed all records and documents which did not bear the caption, "Clayton v. Gramley ". The property the plaintiff was not allowed to take on the writ was returned to his cell, where he had access to the materials the next day.
 
 
 12
 At the plaintiff's hearing, the judge appointed counsel to represent the plaintiff.[3] The judge continued the proceedings for fourteen days. The plaintiff maintains that he was forced to continue serving his "illegal imprisonment" for an additional two weeks due to the defendants' actions.
 
 DISCUSSION
 
 13
 No material facts are in dispute, and the court concludes that the defendants are entitled to judgment as a matter of law. It was constitutionally permissible for the defendants to forbid the plaintiff from transporting materials not pertinent to the case in which the plaintiff had a hearing. Even if the defendants did confiscate documents which were, in fact, relevant, no reasonable person could find an intent to obstruct the plaintiff's litigation. Furthermore, the plaintiff has not shown any actual prejudice due to the defendants' actions. The plaintiff also has failed to establish a triable claim of denial of equal protection. Moreover, the record does not indicate any personal involvement on the part of the defendant Gramley.
 
 
 14
 The temporary deprivation of legal documents apparently unrelated to the plaintiff's habeas action did not violate the plaintiff's constitutional rights. The parties agree that the Constitution guarantees prison inmates a right to meaningful access to the courts. Bounds v. Smith, 430 U.S. 817, 821 (1977). Nevertheless, prison officials may "reasonably" regulate the time, place, and manner in which library facilities are utilized. Isaac v. Jones, 529 F.Supp. 175, 178 (N.D.Ill.1981); see also, Lindquist v. Idaho State Board of Corrections, 776 F.2d 851, 858 (9th Cir.1985). "The constitutionally relevant benchmark is meaningful, not total or unlimited access." Caldwell v. Miller, 790 F.2d 589, 606 (7th Cir.1986), citing Bounds, 430 U.S. at 823. Even "highly restrictive" procedures do not violate constitutional mandates if inmates still have "meaningful access" to the courts. Hossman v. Spradlin, 812 F.2d 1019, 1021 (7th Cir.1987). The plaintiff had no constitutional right to keep all of his legal papers with him at all times, absent some need.
 
 
 15
 As it turned out, the documents may have been relevant to the plaintiff's habeas case, since the habeas action concerned the plaintiff's other cases, namely, his criminal convictions. However, the record does not raise an inference that the defendants intentionally impeded the plaintiff's prosecution of his habeas petition. A plaintiff alleging interference with his access to the courts must show that the deprivation was intentional. Kincaid v. Vail, 969 F.2d 594, 602 (7th Cir.1992).
 
 
 16
 While the defendants intentionally prohibited the plaintiff from taking certain documents to the court, the facts described here do not indicate an intentional denial of access to the courts. The defendants removed only documents they believed did not pertain to the pending habeas case; furthermore, they returned the documents to the plaintiff's cell, where he had access to those materials the following day. "Although summary judgment is usually not appropriate in a case involving a weighing of conflicting questions of motive and intent, summary judgment is proper where the plaintiff presents no indication of motive and intent supportive of his position." Id. (citations omitted). The apparently isolated incident of which the plaintiff complains can be attributed to mere overzeal, mistake, or lack of due care.
 
 
 17
 In any case, the plaintiff has not shown that the defendants' actions caused any actual detriment. The courts have consistently held that a finding that prison officials have deprived an inmate of meaningful access to the courts cannot be sustained in the absence of some showing of prejudice. Shango v. Jurich, 965 F.2d 289 (7th Cir.1992); Bruscino v. Carlson, 854 F.2d 162, 167 (7th Cir.1988), cert. denied, 491 U.S. 907 (1989). Such an allegation must be more than merely conclusory; a complaint is inadequate if it "offers no specific facts to support these allegations--no court dates missed; no inability to make timely filings; no denial of legal assistance to which he was entitled; and no loss of a case which could have been won." Martin v. Davies, 917 F.2d 336, 340 (7th Cir.1990), cert. denied, 111 S.Ct. 2805 (1991).
 
 
 18
 The plaintiff maintains that he was prejudiced in several ways. He asserts that (1) the judge had to continue the hearing because no one knew certain information that was available in the plaintiff's papers; (2) the plaintiff was forced to continue serving an "illegal imprisonment" because he was not granted habeas relief that day; and (3) the plaintiff was denied bail in a subsequent criminal case because he is already serving a sentence. None of the plaintiff's allegations constitutes genuine evidence of prejudice.
 
 
 19
 There is no triable issue that the hearing was continued because the plaintiff did not have all his legal materials. The transcripts from the October 22, 1991, hearing show that Judge Fitzgerald continued the matter for many reasons, including review of the case by an attorney the court appointed that day. The judge made no mention of the missing papers. This court rejects the plaintiff's argument that the "real" reason was because the judge was confused, and that the plaintiff could have clarified any misunderstandings had he the documents in his possession.[4] The judge explicitly stated that no legal issues would be decided before the court and all the parties had a complete understanding of the case.
 
 
 20
 Regardless of the actual reasons for the continuance, the court conceives of no prejudice stemming from the fourteen-day delay. The plaintiff had no potential of receiving an immediate discharge from prison (in fact, he is still incarcerated to date); furthermore, even if the plaintiff had been granted immediate resentencing, the fourteen-delay was irrelevant for all practical purposes.
 
 
 21
 At the hearing on April 28, 1992, the plaintiff's own attorney admitted that there was no "urgency" with regard to the plaintiff's habeas petition, conceding, "[E]ven with the resentencing, I believe what the court would find reasonable is just we would be looking at the elimination of ... the extended term, leaving Mr. Clayton with another couple of years before his out date, even with the resentencing." (Plaintiff's Exhibit O, Tr. at 3.)[5] The plaintiff's argument that he was forced to continue serving what he terms an "illegal imprisonment" due to his non-possession of papers for one day is groundless.
 
 
 22
 In the same token, the denial of bond because the plaintiff was already serving a sentence cannot be attributed to the absence of the legal papers. Again, the court will not, in the context of this lawsuit, evaluate whether the plaintiff is entitled to habeas relief. Irrespective of the fact that the plaintiff challenges his sentence and conviction, he was incarcerated when he was denied bond and remains incarcerated. The denial of bond cannot be deemed as prejudice stemming from either the one-day deprivation of legal papers, or the fourteen-day continuance. In short, even if the defendants intentionally interfered with the plaintiff's access to the courts (which the plaintiff has not shown), the plaintiff cannot prevail because he has not shown any actual damages.
 
 
 23
 The plaintiff further maintains that the defendants discriminated against him, in that other inmates have routinely been permitted to take all pertinent legal papers and records with them to court. However, as discussed above, rather than intentionally interfering with the plaintiff's lawsuit, the defendants appear simply to have erred in confiscating documents not bearing the caption of the plaintiff's habeas case. The plaintiff's contention that other inmates have had no such problems supports the defendants' defense that the confiscation was an isolated lapse. In any case, "a person bringing an action under the Equal Protection Clause must show intentional discrimination against him because of his membership in a particular class, not merely that he was treated unfairly as an individual." See Huebschen v. Dept. of Health and Social Services, 716 F.2d 1167, 1171 (7th Cir.1983), relying on Personnel Administrator v. Feeney, 442 U.S. 256, 279 (1979). The plaintiff does not have a separate cause for action for a denial of equal protection.
 
 
 24
 Regardless of the merit of the plaintiff's claims, the plaintiff has not stated a cause of action against the defendant Gramley. The plaintiff has alleged no facts establishing Gramley's direct, personal involvement, as required by Duncan v. Duckworth, 644 F.2d 653, 655 (7th Cir.1981). Nor has the plaintiff shown that the alleged violation of his constitutional rights occurred at Gramley's direction or with his knowledge and consent. See Crowder v. Lash, 687 F.2d 996, 1005 (7th Cir.1982).
 
 
 25
 The mere fact that Gramley is the warden at Pontiac is insufficient to establish liability, as the doctrine of respondeat superior (supervisory liability) does not apply to actions filed under 42 U.S.C. Sec. 1983. See Wolf-Lillie v. Sonquist, 699 F.2d 864, 869 (7th Cir.1983); Adams v. Pate, 445 F.2d 105 (7th Cir.1972). Notwithstanding the plaintiff's unsupported assertions that Gramley "knew of the improprieties being undertaken by his staff," the plaintiff has failed to show that Gramley was personally involved in the alleged circumstances giving rise to the complaint.
 
 
 26
 In conclusion, no outcome-determinative facts are in dispute, and the court finds that the defendants are entitled to judgment as a matter of law. No reasonable person could find that the defendants intended to interfere with the plaintiff's access to the courts by prohibiting him from transporting materials apparently not pertinent to the case in which the plaintiff had a court appearance. In any event, the plaintiff is unable to show some quantum of detriment to pending or contemplated litigation due to the defendants' actions. The plaintiff likewise has failed to establish a triable claim that the defendants denied him equal protection. Moreover, the record does not indicate any personal involvement on the part of the defendant Gramley. Summary judgment must be granted in favor of the defendants.
 
 
 27
 IT IS THEREFORE ORDERED that the defendants' motion for summary judgment (docket # 22) is allowed and the plaintiff's motion for summary judgment (docket # 17) is denied. The Clerk of the court is directed to enter judgment in favor of the defendants and against the plaintiff pursuant to Fed.R.Civ.P. 56. The case is terminated. The parties are to bear their own costs.
 
 
 28
 IT IS THEREFORE ORDERED that the plaintiff's motion for issuance of a trial subpoena (docket # 23) is denied.
 
 
 29
 Enter this 3rd day of December, 1992.
 
 
 30
 /s/ Harold A. Baker
 
 HAROLD A. BAKER
 United States District Judge
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 According to the court's docket, the plaintiff never obtained service on the defendants Baremore and Whitaker
 
 
 [2]
 The plaintiff states that Clark was part of the transportation team; the defendants do not. The court will assume, for purposes of this motion, that Clark participated in the transportation process
 
 
 [3]
 The plaintiff emphasizes that the judge "imposed" an attorney over the plaintiff's objections; he preferred to proceed pro se
 
 
 [4]
 The defendants concede that there has been "some degree of confusion surrounding [the procedural dimensions of the] plaintiff's habeas corpus petitions in both the federal and state courts." The plaintiff has a lengthy criminal history. The U.S. District Court for the Northern District of Illinois has found that the trial judge, when sentencing the plaintiff on one of his convictions, improperly imposed an extended term sentence. (See Exhibit A to plaintiff's response to the defendants' motion for cross-summary judgment.) Presumably, the plaintiff has now been resentenced in accordance with the district court's decision. The U.S. District Courts for the Central District of Illinois have twice denied the plaintiff's petitions for a writ of habeas corpus. (Clayton-El v. Gramley, 92-1168; petition denied August 4, 1992; Clayton-El v. Chrans, 86-2289 (mixed habeas /civil rights action): summary judgment granted in favor of the defendants on October 3, 1990. Both cases are currently on appeal.) This court will not attempt to evaluate the plaintiff's habeas claims in the context of this civil rights action
 
 
 [5]
 The plaintiff contends that his court-appointed public defender was incompetent. However, as with the plaintiff's habeas claims, this court will not delve into that entirely separate, unrelated issue